STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CLARENCE M. LELAND, ET AL.

VERSUS

LAFAYETTE INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-5513
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART.

Donald C. Brown
Woodley, Williams Law Firm, L.L.C.
P. O. Drawer 3731
Lake Charles, LA 70602-3731
(318) 433-6328
COUNSEL FOR DEFENDANT/APPELLANT:
    Lafayette Insurance Company

Howard B. Kaplan
Bernard, Cassisa & Elliott & Davis APLC
3838 North Causeway Boulavard, Suite 3050
Metairie, LA 70002
(504) 834-2612
COUNSEL FOR DEFENDANT/APPELLANT:
    Lafayette Insurance Company

**Hunter W. Lundy**
**Lundy, Lundy, Soileau & South LLP**
**P. O. Box 3010**
**Lake Charles, LA 70602**
**(337) 439-0707**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Clarence M. Leland**
    **Myna G. Leland**

**PETERS, J.**

The defendant in this litigation, Lafayette Insurance Company (Lafayette Insurance), appeals a trial court judgment rejecting its request that it has satisfied a judgment rendered in favor of the plaintiffs, Clarence M. Leland and Myna Leland (the Lelands); ordering it to pay the Lelands the sum of $36,853.36 or suffer an interest penalty; and allowing the Lelands to remove certain exhibits from the evidentiary record. For the following reasons, we affirm the trial court judgment in part, reverse it in part, and render judgment on that part which we reverse.

## DISCUSSION OF THE RECORD

This litigation began as a September 2007 suit by Clarence M. Leland and Myna Leland, husband and wife, against Lafayette Insurance wherein they sought to recover the damages they sustained to their property when Hurricane Rita struck the Louisiana coast in 2005. Lafayette Insurance had issued the Lelands a property damage policy covering their Lake Charles, Louisiana property. This litigation involved a dispute over the amount and timeliness of the payments by the insurer. In the suit, the Lelands asserted that Lafayette Insurance breached its duty of good faith and fair dealing in handling their claim and sought an award of statutory penalties and attorney fees in addition to an award for property damage.

On November 12, 2010, the jury returned a verdict in favor of the plaintiffs for $1,287,972.00. This judgment included an award of $144,800.00 for the damages sustained to the property; $88,000.00 as special damages; $90,000.00 as general damages; $645,600.00 as penalties; and $319,572.00 as attorney fees. On November 22, 2010, the trial court executed a written judgment conforming to the jury verdict. Counsel for both parties to this litigation approved the form of the judgment. Thereafter, Lafayette Insurance perfected an appeal to this court.

This court reduced the penalty and attorney fee awards to $356,000.00 and $226,226.67 respectively, and affirmed the remainder of the judgment. *Leland v. Lafayette Ins. Co.*, 11-475 (La.App. 3 Cir. 11/9/11), 77 So.3d 1078, *writ denied*, 11-2714 (La. 2/17/12), 82 So.3d 285. On February 27, 2012, Lafayette Insurance tendered a check to the Lelands in the amount of $1,039,621.14 as payment of the judgment. The Lelands accepted the check in full satisfaction of the judgment.

This phase of the litigation relates to the interpretation of language in the jury verdict and subsequent judgment which addresses three checks totaling $36,853.86 and tendered to the Lelands by Lafayette Insurance as payment pursuant to its policy before suit was filed. These checks included one for $20,567.73 issued on January 25, 2006; one for $15,780.33 issued on February 7, 2007; and one for $505.80 issued on June 15, 2007. Attached to each check was a form entitled "Proof of Loss and Statement as to Full Cost of Repair or Replacement[,]" which included the following language:

> You are hereby requested and authorized to make payment to C.M. Leland & Myna G. Leland in consideration of which the company is discharged and released from further claim as a result of the loss herein referred to.

Being concerned that execution of the proof of loss statement would be tantamount to releasing their claim against Lafayette Insurance, the Lelands did not cash the three checks.

At trial, the Lelands introduced the three checks into evidence, and it was undisputed that these checks represented the only amounts tendered to the Lelands by Lafayette Insurance prior to judgment. The interrogatory propounded to the jury which related to the amount due under the policy asked the jury to determine "[w]hat additional amount is owed under the insurance policy *in excess of the*

*amount paid* by Lafayette Insurance Company?" (Emphasis added.) The jury responded to this interrogatory by entering the number $144,800.00.

This litigation arises because the amount tendered in full settlement of the judgment on February 27, 2012, did not include the amount represented by the previously tendered checks, and the Lelands specifically reserved their right to pursue collection of the three checks. In correspondence to counsel for Lafayette Insurance dated February 23, 2012, the Lelands' counsel stated the following:

> The present correspondence follows our telephone conversation this afternoon regarding the Leland matter.
>
> First, I understand that the payment in the amount agreed upon in your discussions with Jackey, $1,039,621.14, is being forwarded to our office this afternoon as an unconditional payment in satisfaction of the amounts specifically awarded in the judgment as amended by the Third Circuit. As discussed, we agree this payment will satisfy in full the referenced judgments along with interest and costs, subject to the proviso below.
>
> Second, the referenced payment is accepted in satisfaction 0f the amounts specifically awarded subject to our reservation and continuing right to pursue collection of the checks previously tendered to the Lelands but not negotiated. Those checks, filed in the record of this action, are in the amounts $15780.33, $20567.73, $505.80, totaling $37,153.86.[1]
>
> Please review and then sign a copy of this letter to confirm our agreed upon understanding. I will, as promised, review this issue and perhaps set a conference with the District Court.

Counsel for Lafayette Insurance signed a copy of the letter as requested.

In an attempt to resolve this remaining issue, counsel for both litigants participated in a telephone conference with the trial court on March 13, 2012. The next day, counsel for the Lelands forwarded a number of exhibits to the trial court for consideration of the remaining issue. In the cover letter to the trial court, the Lelands' counsel stated in part that:

---

[1] As previously stated, the sum of the three checks is $36,853.86 and not $37,153.86. However, the addition error does not affect the analysis herein.

> We acknowledge that Lafayette has now satisfied the judgment. However, the checks are distinct negotiable instruments entirely separate from the judgment. We maintain that [the Lelands] are entitled to withdraw those checks and act upon the obligation represented by those instruments, negotiate the checks and collect the amounts payable pursuant to the checks.

The Lelands' counsel concluded the letter by requesting that his clients "be granted leave to withdraw the checks and negotiate the same or that Lafayette otherwise satisfy the amounts due as represented by those checks in the amount of $37,848.06."

By a letter to the trial court dated April 3, 2012, counsel for Lafayette Insurance responded to the March 14, 2012 correspondence and asserted that Lafayette Insurance had satisfied the November 22, 2010 judgment. Counsel further argued that the Lelands' remedy, if they were dissatisfied with the judgment, would have been to file a post-trial motion to appropriately amend the judgment. Additionally, counsel for Lafayette Insurance pointed out that the Lelands neither appealed that portion of the judgment nor answered their appeal.

The trial court responded in a letter dated May 22, 2012, wherein it stated the following concerning the issue of the previously tendered checks:

> After reviewing my case file, notes, judgment, and appeal documents, I am of the belief that the $37,848.06 which was remitted to the Leland's[sic] before this lawsuit started are monies due and payable to the Leland's[sic]. [Counsel for Lafayette Insurance] in his memo suggests that the <u>judgment</u> made no provision for the payment of those monies, and that may be correct. However, the judgment was not for monies already or previously paid by Lafayette Insurance Company. The judgment was for what was owed the Leland's[sic] at the time of the trial. With that being said, I am of the belief that those monies are still due and owing, as is shown by the checks which are in the record of this matter. Accordingly, my opinion should be that the checks should be released to the Leland's[sic], for their pursuit for collection.

(Emphasis in the original.)

4

The trial court advised further:

> As I indicated to you gentlemen when we spoke in March regarding this matter, that if my suggestions or 'revelations' in this matter were not in agreement to the parties, that I would give you the opportunity to make a record for appeal purposes. . . . [L]et me know if a hearing date would need to be set so that whoever is dissatisfied by my beliefs in this matter may schedule a hearing date.

Obviously not being satisfied with the trial court's analysis, Lafayette Insurance file a motion on August 24, 2012, requesting that the trial court issue an order recognizing that the November 22, 2010 judgment had been satisfied in full. The trial court heard the motion on January 7, 2013, and after considering the exhibits and argument of counsel, rendered judgment rejecting Lafayette Insurance's request for relief; allowing the Lelands to remove the original checks from the evidentiary record; and ordering Lafayette Insurance to satisfy the indebtedness represented by the three checks within fifteen days of their removal or suffer an interest penalty from that day forward until paid. The trial court executed a written judgment to this effect on January 28, 2013, and thereafter Lafayette Insurance perfected this appeal.

In its appeal, Lafayette Insurance asserts as its sole assignment of error that "[t]he trial court committed legal error issuing a new judgment which substantively amended a final judgment and required Lafayette to pay additional amounts not contained in the original judgment.

**OPINION**

Lafayette Insurance's assignment of error sets forth a question of law which we review *de novo*. "A *de novo* review means the court will render judgment after its consideration of the legislative provision at issue, the law and the record, without deference to the legal conclusions of the tribunals below." *City of Bossier City v. Vernon*, 12-78, p. 3 (La. 10/16/12), 100 So.3d 301, 303.

Louisiana Code of Civil Procedure Article 1916(A) provides in pertinent part that after a jury trial, the trial court shall either "prepare and sign a judgment in accordance with the verdict of the jury" or "order counsel for a party in the case to prepare and submit a judgment to the court for signature." Additionally, La.Code Civ.P. art. 1951 provides the following:

> A final judgment may be amended by the trial court at any time, with or without notice on its own motion or on motion of any party:
>
> (1) To alter the phraseology of the judgment, but not the substance; or
>
> (2) To correct errors of calculation.

However:

> Article 1951 contemplates the correction of a "clerical error" in a final judgment, but does not authorize substantive amendments. Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. *Villaume v. Villaume*, 363 So.2d 448 (La.1978). The proper recourse for an error of substance within a judgment is a timely application for new trial or a timely appeal. *LaBove v. Theriot*, 597 So.2d 1007, 1010 (La.1992); *Hebert v. Hebert*, 351 So.2d 1199 (La.1977).

*Bourgeois v. Kost*, 02-2785, p. 5 (La. 5/20/03), 846 So.2d 692, 695.

Lafayette Insurance asserts that the trial court's action constituted a substantive change in the November 22, 2010 judgment, which in effect amounted to the issuance of a new judgment increasing the jury's award. The Lelands, on the other hand, argue that the trial court's action did not reach the classification of an amendment, substantive or otherwise. Instead, they suggest that the January 28, 2013 judgment simply ordered Lafayette Insurance to pay checks it had initially tendered pursuant to its policy, the payment of which was contemplated by the jury in its response to the interrogatories propounded to it.

We agree with the Lelands that the jury verdict clearly concluded that they were entitled to the amount previously tendered to them, in addition to the

$144,800.00 award. The checks representing the $36,853.86 were a part of the evidence submitted to the jury, and the jury obviously took the amount into consideration when it awarded an amount "in excess of the amount paid." To interpret the language of the interrogatory in any other way would simply render that part of the jury verdict meaningless.

We also note that the three pre-judgment checks were discussed extensively in the prior appeal to this court, and this court noted that "[u]ltimately, a jury found in favor of the plaintiffs, concluding that the plaintiffs sustained losses *in excess of the amount paid under the defendant's policy* in the amount of $144,000.00." *Leland*, 77 So.3d at 1082. (Emphasis added.)

The Lelands specifically reserved their rights to pursue the collection of the amounts evidenced by the three checks at issue in their counsel's February 23, 2012 letter to Lafayette Insurance's counsel, and Lafayette Insurance's counsel signed a copy of this letter recognizing that this reservation of rights was a part of the settlement agreement. Thus, when the Lelands acknowledged the full payment of the amounts set forth in the November 22, 2010 judgment as amended by this court, that acknowledgment must be recognized as being subject to their reservation of rights. Lafayette Insurance has produced nothing to this court to show that this reservation of rights is not still in full force and effect.

At the January 7, 2013 hearing, counsel for the Lelands stated the following concerning their position:

> We do not dispute that Lafayette has satisfied the judgment, but these three checks are something outside the judgment. They were not a part of the judgment.
>
> It is our position that these three checks are legal tenders. They are an obligation of Lafayette's, and we are requesting that those three checks be released from the record then we will pursue those obligations.

If Lafayette chooses not to pay them then we will pursue that.

In its oral reasons for judgment, the trial court stated the following:

I believe that the verdict sheet, which is part of the judgment, clearly reflects that the amounts rewarded by the jury were amounts in excess of what had already been tendered to Mr. Leland.

Now, in fairness to Lafayette it was made perfectly clear during the trial, as I recall, that the checks had not been negotiated for several reasons, and we all know what those are in those types of situations there.

I believe [counsel for the Lelands] is correct that if, in fact, that was not part of the judgment then it wouldn't have even been mentioned in there.

I suggest that while Lafayette has satisfied the judgment in this matter, the judgment while it referenced the amounts previously tendered, it did not include the amounts previously tendered.

We interpret the statement that "it did not include the amounts previously tendered[,]" to mean that the settlement payment did not include those amounts. We concluded this because the trial court then proceeded to state the following concerning the relief to be awarded:

Accordingly, the Motion to Obtain Satisfaction of Judgment filed by defendant is denied at this time.

In that vein, however, in fairness as it may be to Lafayette Insurance Company I'm adding to that order, however, that those checks be removed.

I see no reason why they should not be recovered from the record by the end of this week. And I want them negotiated within 15 days after their removal.

We agree with the trial court's determination that the jury verdict represented a factual finding that the amount owed the Lelands included both the $144,800.00 award and the $36,853.86 previously tendered but not yet collected. The trial court's determination in that regard was not the issuance of a new judgment, but a correct interpretation of the jury verdict and the resulting judgment, and that determination is now a final judgment. However, given the statement by

8

counsel for the Lelands that she and her clients do not dispute that the judgment has been satisfied, and that the collection of the checks is a separate matter "outside the judgment," we find that the trial court erred in not granting Lafayette Insurance relief by recognizing that the November 22, 2010 judgment had been fully satisfied.

We also find that the trial court erred in ordering Lafayette Insurance to pay the three outstanding checks within fifteen days or suffer an interest penalty. The Lelands did not file any pleadings seeking this relief, and, therefore, that issue was not before the trial court.

Finally, we find no error in the trial court allowing the Lelands to remove the original checks from the evidentiary record.

## DISPOSITION

We reverse that portion of the trial court judgment rejecting the request of Lafayette Insurance Company to have the November 22, 2010 judgment declared as satisfied by the payment of February 27, 2012, and render judgment declaring the judgment satisfied in full; reverse that portion of the trial court judgment ordering Lafayette Insurance Company to pay the three checks or suffer an interest penalty; and affirm that portion of the trial court judgment allowing Clarence M. Leland and Myna Leland to remove the original checks from the evidentiary record. We assess one half of the costs of this appeal to Lafayette Insurance Company and one half to Clarence M. Leland and Myna Leland.

**AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**