STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-256


GLORIA WELCH

VERSUS

SOUTHWIND NURSING & REHABILITATION CENTER



**********


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2011-10776
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and David Kent Savoie, Judges.




APPEAL DISMISSED.

**Michael W. Robinson**
**Pucheu, Pucheu & Robinson, LLP**
**P. O. Box 1109**
**Eunice, LA 70535-1109**
**(337) 457-9075**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Gloria Welch**

**Troy Allen Broussard**
**Alan W. Stewart**
**Allen & Gooch, A Law Corporation**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Southwind Nursing & RehabilitationCenter**

**SAUNDERS, Judge.**

This is a case about a denied exception of *lis pendens* filed by the defendant in a medical malpractice action. The plaintiff, who prevailed by having the exception denied, requests this court to amend the judgment of the trial court as to why the trial court denied the exception.

We dismiss this appeal because the plaintiff's requested amendment of the trial court's judgment would necessitate that this court utilize improper appellate procedure and exercise improper jurisdiction over this matter because there is no evidence that the plaintiff complied with La.Code Civ.P.art. 1951 prior to this appeal.

## FACTS AND PROCEDURAL HISTORY:

This case arises out of a medical malpractice claim. On June 20, 2011, Plaintiff Gloria Welch (Welch) filed suit in the 15th Judicial District Court, Parish of Acadia. Welch named as a defendant, *inter alia*, Arkansas Elder Outreach of Little Rock, Inc. d/b/a Southwind Nursing and Rehabilitation Center (Southwind). She requested that service be withheld. Southwind was never served in that lawsuit, and no Defendant ever make an appearance. The suit was assigned docket number 2011-10636-B. According to Welch, this suit was filed as a "protective" suit while her claim was pending before a Medical Review Panel.

On January 7, 2013, Welch filed a second suit in the same venue against the same parties in their same capacities.[1] This suit was assigned docket number 2011-10776-C. On July 22, 2014, Southwind appeared specifically in this second suit to file two exceptions. First, it filed a declinatory exception of *lis pendens* based on the prior suit, 2011-10636-B, still pending at the same time as this suit, 2011-

---

[1] This claim was filed after the conclusion of the medical review panel proceedings. Prescription is suspended during the pendency of the medical review panel proceedings. La.R.S. 40:1299.47(A)(2)(a).

10776-C.  Second, it filed a declinatory exception of insufficient service of process and citation for Welch's failure to serve Southwind in this suit, 2011-10776-C.

On October 8, 2014, Welch voluntarily moved to dismiss the first suit.  Her motion was granted the following day.[2]

On October 20, 2014, the trial court heard Southwind's exceptions.  The trial court denied the exception of *lis pendens* and sustained the exception of insufficient service of process and citation.  As such, the trial court dismissed Welch's second suit without prejudice.

During the October 20, 2014 hearing, the trial court stated that it was denying Southwind's exception of *lis pendens* because "the other suit was already abandoned by law and by operation of law it's no longer a suit."  The judgment signed by the trial court stated, "Exceptor's Exception of *Lis Pendens* is DENIED on the finding that the previously filed lawsuit (Docket No. 201110776-C) [sic] was legally abandoned."  Welch filed the current appeal of this judgment.

**DISCUSSION OF THE MERITS:**

Welch raises a single issue for review.  She states, "[s]hould *dicta* be incorporated within an Judgment, when such *dicta* can give rise to exceptions that may be filed in the future, by one of the parties, when such is not only *dicta*, but is actually incorrect?".  As a remedy, Welch asks this court to amend the trial court's judgment "to reflect that the exception of *lis pendens* was denied because it was moot, and that the only grounds for dismissal, which was without prejudice, was the insufficiency of service of process."

---

[2] Because the first claim was voluntarily dismissed, it did not interrupt prescription. La.Civ.Code art. 3463.

2

Welch argues that her requested change is merely a change of the trial court's *dicta* in the judgment. We agree. However, our agreement with Welch proves fatal to her appeal.

It is well-settled that appellate courts review judgments, not oral or written reasons for those judgments. *Wooley v. Lucksinger*, 09-571 (La. 4/1/11), 61 So.3d 507. This is the case because, *inter alia*, "[j]udgments are often upheld on appeal for reasons different than those assigned by the district judges." *Id.*

Welch's issue for review places the reason why the trial court reached its judgment squarely before us. She asks this court to amend the language of the judgment to reflect that Southwind's exception of *lis pendens* was denied because her first suit was voluntarily dismissed under La.Code Civ.P.art 1671[3] rather than because her first suit was abandoned under La.Code Civ.P. art. 561.[4] Thus, our consideration of whether Welch's request should be granted would not be proper appellate procedure.

---

[3] Louisiana Code of Civil Procedure Article 1671 states:

A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

[4] Louisiana Code of Civil Procedure Article 561 states, in pertinent part:

A.(1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]

. . . .

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

Moreover, granting Welch's request would violate La.Code Civ.P. art. 1951, which states:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

This court, in *Leland v. Lafayette Insurance Co.*, 13-476, p. 6 (La.App. 3 Cir. 11/6/13), 124 So.3d 1225, 1229, *writ denied*, 13-2814 (La.2/14/14), 132 So.3d 967, stated the following:

> [Louisiana Code of Civil Procedure] Article 1951 contemplates the correction of a "clerical error" in a final judgment, but does not authorize substantive amendments. Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. *Villaume v. Villaume*, 363 So.2d 448 (La.1978). The proper recourse for an error of substance within a judgment is a timely application for new trial or a timely appeal. *LaBove v. Theriot*, 597 So.2d 1007, 1010 (La.1992); *Hebert v. Hebert*, 351 So.2d 1199 (La.1977).

*Bourgeois v. Kost*, 02-2785, p. 5 (La. 5/20/03), 846 So.2d 692, 695.

Welch's requested amendment of the trial court's judgment does not substantively change the judgment. Southwind's exception of *lis pendens* is denied regardless of whether the trial court did so by opining that Welch's first suit was involuntarily dismissed or abandoned.

As such, under La.Code Civ.P. art. 1951, Welch must first file a motion with the trial court to amend the judgment, request a hearing on that motion, and request that notice be given to all parties of that hearing. There is no evidence in the record that Welch utilized the prerequisite procedural mechanisms.

> An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no

right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.

If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer or retransfer it to the proper court.

La.Code Civ.P. art. 2162.

As authorized by La.Code Civ.P. art. 2162, we find *sua sponte* that this court lacks jurisdiction over this case. Transferring this appeal to the proper court which here is the trial court, is not necessary as La.Code Civ.P. art. 1951 states, "a final judgment may be amended at any time to alter the phraseology of the judgment." As such, we dismiss Welch's appeal.

## CONCLUSION:

Gloria Welch raises one issue for review. We find that adjudicating that issue is not proper appellate procedure and that this court lacks jurisdiction over this matter. Accordingly, we dismiss this appeal. All costs associated with this appeal are assessed to Gloria Welch.

**APPEAL DISMISSED.**

5