# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# CA 14-765


**SYLVESTER HARRIS**

**VERSUS**

**OLIVIER'S CONTRACTORS, ET AL.**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-C-1677-A
HONORABLE JAMES PAUL DOHERTY JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell,
Judges.



                                                                    **AFFIRMED.**


**Amy, J., concurs in part, dissents in part, and assigns reasons.**

**Frank Edward Barber**
**116 Field St.**
**New Iberia, LA 70560-4487**
**(337) 256-8370**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Jason Olivier**
    **Olivier's Contractors**

**Craig Alan Davis**
**111 Mercury**
**Lafayette, LA 70503**
**(337) 231-5351**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Sylvester Harris**

**EZELL, Judge.**

Sylvester Harris filed suit for damages in district court pursuant to La.R.S. 23:1032.1 asserting that his employer neither had workers' compensation insurance nor was self-insured, and failed to pay a workers' compensation judgment for sixty days after it was final. Jason Olivier d/b/a Olivier's Contractors (hereinafter collectively referred to as Mr. Olivier) appealed the trial court judgment which awarded $205,547.90 in damages to Mr. Harris.

## FACTS

Mr. Harris was employed as a "jack man" in 2009 by a business that raised houses to higher elevations. During that time many houses were raised due to hurricane standards. On March 13, 2009, Mr. Harris placed a shimmy underneath a house when the jack bled out and an I-beam fell, smashing his left hand. After releasing his hand, Mr. Harris was transported to Abbeville General Hospital. Subsequently, he was transferred to Our Lady of Lourdes Regional Medical Center where an orthopedic surgeon performed surgery on his hand. For the next five to six months, Mr. Harris received physical therapy on his hand.

A default judgment awarding temporary total disability benefits, medical expenses and penalties and attorney fees against Mr. Olivier was confirmed in the Office of Workers' Compensation on January 9, 2012. When the judgment was not paid, Mr. Harris filed the present suit pursuant to La.R.S. 23:1032.1 against Mr. Olivier and Terry Engeron on April 2, 2012. After a preliminary default was entered against Mr. Olivier, Mr. Olivier answered the suit. He then filed peremptory exceptions of prescription, no cause of action, and no right of action on December 12, 2013, the day of trial. Ruling on the exceptions was deferred until after trial. The trial court found in favor of Mr. Harris and against Mr. Olivier and

awarded him $125,000.00 in general damages, $25,947.90 for medical expenses, and $54,600.00 for lost wages. Mr. Olivier then filed the present appeal.

## NEGLIGENCE

In his first assignment of error, Mr. Olivier claims that the trial court erred relieving Mr. Harris of the burden of establishing that Mr. Olivier was negligent in causing Mr. Harris's injuries. Mr. Olivier argues that La.R.S. 23:1032.1 requires that a petitioner prove all of the elements of a tort action, which includes establishing that any injuries were caused by the negligence of the defendant.

Louisiana Revised Statutes 23:1032.1 provides that any employee has a right to sue a "direct employer for all legal damages" when the employer:

> fails to secure workers' compensation insurance or proper certification of self-insured status pursuant to R.S. 23:1168, and fails to pay a final judgment for sixty days after the parties have exhausted their rights of appeal and no other insurance or self-insurance policy or contract of workers' compensation coverage has paid the benefits due under this Chapter.

There is no reported case law on the application of La.R.S. 23:1032.1 except for two cases from this court that simply refer to La.R.S. 23:1032.1 as permitting an employee to assert a claim in tort but which do not address the application of La.R.S. 23:1032.1. *See Hector v. Mo-Dad Env't. Serv., LLC* 13-1184 (La.App. 3 Cir. 3/5/14), 134 So.3d 133, 139 n.1; and *Eads v. Chartis Specialty Ins. Co.*, 13-224 (La.App. 3 Cir. 2/26/14), 133 So.3d 722. This case presents a res nova issue.

> Interpretation of this statute begins, as it must, with the language of the statute itself. *David v. Our Lady of the Lake Hosp., Inc.*, 02–2675, p. 11 (La.7/2/03), 849 So.2d 38, 46; *Touchard v. Williams*, 617 So.2d 885, 888 (La.1993). When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. C.C. art. 9; La. R.S. 1:4. When the wording of a section of the revised statutes "is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit." La. R.S. 1:4. In interpreting the Workers'

2

> Compensation Act, courts must be mindful of the basic history and policy of the compensation movement, which includes the provision of social insurance to compensate victims of industrial accidents. *Brown v. Adair*, 02–2028, p. 5 (La.4/9/03), 846 So.2d 687, 690; *Roberts v. Sewerage & Water Bd. of New Orleans*, 92–2048, p. 7 (La.3/21/94), 634 So.2d 341, 345.

*Trahan v. Coca Cola Bottling Co. United, Inc.*, 04-100, pp. 6-7 (La. 3/2/05), 894 So.2d 1096, 1102. In reviewing a question of law, the appellate court must simply decide whether the trial court's decision was legally correct. *Harruf v. King*, 13-940 (La.App. 3 Cir. 5/14/14), 139 So.3d 1062.

We first observe that the title of La.R.S. 23:1032.1 is "**Failure of employer to secure payment; penalties.**" We recognize that headings to sections are given for convenient reference and do not constitute part of the law, but it is obvious that the legislature intended that this be a penalty section. La.R.S. 1:13(A). We must keep in mind that under the scheme of the Workers' Compensation Act, an employee losses his right to full damages for his injury and instead receives compensation measured as a percentage of wages while the employer surrenders the immunity against liability which he would otherwise enjoy when he is not at fault. *Gagnard v. Baldridge*, 612 So.2d 732 (La.1993). Penalties in workers' compensation cases "are imposed to deter indifference and undesirable conduct by employers and their insurers toward injured workers." *Trahan*, 894 So.2d at 1108.

It is obvious in enacting La.R.S. 23:1032.1, the legislature intended to punish employers who failed to secure workers' compensation insurance and failed to pay a final judgment after all rights to appeal have been exhausted. Under these circumstances, the employer has failed to secure insurance coverage as required by La.R.S. 23:1168 and failed to pay a final judgment. The legislature has determined that this is the most egregious conduct on the part of the employer. It would be

3

ridiculous for an employee to establish the negligence of the employer when the employee has already pursued his workers' compensation action in the Office of Workers' Compensation, established his rights to compensation, and obtained a judgment.

Louisiana Revised Statutes 23:1032.1 only requires that the employee prove: (1) the direct employer failed to secure workers' compensation insurance or proper certification of self-insured status pursuant to La.R.S. 23:1168; and (2) the direct employer failed to pay a final judgment for sixty days after the parties have exhausted their rights of appeal and no other insurance or self-insurance policy or contract of workers' compensation coverage has paid benefits. At that point all the employee has to establish in the trial court is the amount of any legal damages he would be entitled to under tort law. This is the penalty an employer must face for failure to secure insurance and pay a resulting workers' compensation judgment. We find no error in the trial court's determination that Mr. Harris did not need to establish that any negligence had occurred.

## DIRECT EMPLOYER

Mr. Olivier argues that Mr. Harris did not prove that he was Mr. Harris's direct employer. Mr. Olivier argues that before the accident he sold the business to Mr. Engeron. He claims the trial court erred in not granting his exception of no right of action.

"The function of an exception of a no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 08-215, 08-237 p. 17 (La. 12/2/08), 5 So.3d 819, 829. Whether a plaintiff has a right to bring an action raises a question of law which requires a de novo review. *Eagle Pipe and Supply, Inc. v. Amerada*

4

*Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289 (La. 10/25/11), 79 So.3d 246.

In order to prove an oral agreement to sell his business, which was valued over $500.00, Mr. Olivier had to prove the contract by at least one witness and other corroborating circumstances. La.Civ.Code art. 1846; *Commercial Flooring and Mini Blinds, Inc. v. Edenfield*, 13-523 (La.App. 1 Cir. 2/14/14), 138 So.3d 30. "A party may serve as his own witness and the 'other corroborating circumstances' may be general and need not prove every detail; however, the corroborating circumstances that are required must come from a source other than the party claiming the oral agreement." *Id*. at 36.

Testimony at trial revealed that Mr. Olivier was working on Mr. Harris's mother's house. During conversations at the mother's house, Mr. Olivier learned that Mr. Harris worked for a different company which also raised houses. A couple of months later, Mr. Oliver called Mr. Harris and asked him to come work for him. Mr. Harris went to work for him the next day. Mr. Harris was on the job for two to three days when the accident occurred. Mr. Olivier agreed that he met Mr. Harris at his mother's house and later talked to Mr. Harris's mother about Mr. Harris. However, he denied that he called Mr. Harris and asked him to work for him. Instead, Mr. Olivier claims that he relayed the information to the person he sold the business to, Mr. Engeron.

Mr. Olivier testified that he initially sold the business to another man. This sale was contingent on the buyer obtaining so many jobs. This buyer did not succeed, so Mr. Olivier tried to sell it again by contacting Mr. Engeron. Pursuant to his agreement with Mr. Engeron, Mr. Engeron was going to perform five jobs and then pay Mr. Olivier $90,000.00 for the equipment. When Mr. Harris was

5

injured, it was the third job Mr. Engeron had worked on since allegedly entering into the agreement with Mr. Olivier.

Mr. Olivier testified that he gave advice to Mr. Engeron on how to perform these jobs. He also did the initial meet and greet with the homeowner on the third job. Mr. Olivier also gave Mr. Engeron advice on where he would place the equipment needed to raise the house. Mr. Olivier testified that he did not receive any money from these jobs.

Mr. Olivier's own testimony was the only evidence he introduced to support his argument that he sold his business to Mr. Engeron. Therefore, he failed to meet his burden of proof. However, the trial court determined that Mr. Olivier and Mr. Engeron entered into a contract to sell pursuant to La.Civ.Code art. 2623. We agree with the trial court for the following reasons.

A contract to sell is "[a]n agreement whereby one party promises to sell and the other promises to buy a thing at a later time, or upon the happening of a condition, or upon performance of some obligation by either party[.]" *Id*. "Such a contract does not transfer ownership of the property involved." *Hewitt v. Safeway Ins. Co. of Louisiana*, 01-115, p. 4 (La.App. 3 Cir. 6/6/01), 787 So.2d 1182, 1185. Further, as noted by the trial court, Comment (c) to La.Civ.Code art. 2623 provides that ownership and risk remain with the vendor in a contract to sell because a contract to sell does not effect a transfer of ownership.

Mr. Olivier himself agreed that ownership of the equipment of the business would not transfer until Mr. Engeron had completed five jobs. This appears to be the same arrangement he had with the first buyer, which was never finalized. Furthermore, the evidence strongly supports Mr. Harris's testimony that Mr. Olivier himself hired him. It was Mr. Harris's impression that Mr. Engeron was

6

the supervisor. There are receipts for two checks for $400.00 in evidence given to Mr. Harris after the accident from Mr. Engeron. Cindy Harris, Mr. Harris's wife, testified that Mr. Engeron presented her with these checks as payment for salary for two weeks. She testified that Mr. Engeron told her that Mr. Olivier told him to give her those checks for her husband and that he was going to continue paying her husband.

The trial court was correct in denying Mr. Olivier's exception of no right of action. The evidence establishes that Mr. Olivier was still Mr. Harris's direct employer at the time of the accident.

## PRESCRIPTION

Mr. Olivier's next assignment of error claims that Mr. Harris's claim has prescribed because it was filed more than one year after the accident. The petition filed by Mr. Harris made no mention of a previously filed workers' compensation suit and its resulting judgment.

Generally, "prescription statutes 'are strictly construed against prescription and in favor of the obligation sought to be extinguished.'" *Quinn v. Louisiana Citizens Prop. Ins. Corp.*, 12-152 (La. 11/2/12), 118 So.3d 1011 (quoting *Taranto v. La. Citizens Prop. Ins. Co.*, 10-105, p. 5 (La. 3/15/11), 62 So.3d 721, 726). Usually it is the party pleading prescription that bears the burden of proof at trial on the exception; however, when the petition is prescribed on its face, the burden shifts to the plaintiff to establish that his claim is not prescribed. *Id.*

The prescriptive period for a delictual action is one year. La.Civ.Code art. 3492. Because Mr. Harris's claim for legal damages was filed more than one year after the work injury, the action has prescribed on its face. However, La.R.S. 23:1032.1(A) permits a suit against an employer who has no insurance or

7

certification of self-insured status and failed to pay a workers' compensation judgment for sixty days.

Pursuant to La.Code Civ.P. art. 931, evidence may be introduced to support or controvert the exception of prescription when the grounds do not appear from the petition. As permitted by La.Code Civ.P. art. 928, Mr. Olivier raised his exception of prescription on the day of trial, so the trial court heard evidence regarding the exception during the trial. In controverting Mr. Olivier's exception of prescription, Mr. Harris introduced a certified copy of the workers' compensation judgment against Mr. Olivier, which was objected to by Mr. Olivier. The trial court allowed this judgment to be introduced as a self-authenticating domestic public document pursuant to La.Code Evid. art. 902(1).

On appeal, Mr. Oliver claims that this was error because the judgment was a nullity pursuant to La.Code Civ.P. art. 2002(A)(2) because the petition was served on his wife while they were separated and living apart. Mr. Harris argues that he introduced evidence indicating that service was made on Jennifer Olivier who identified herself as Mr. Olivier's wife. Mr. Olivier agreed that he lived at the residence where service was made but was not home all the time due to marital difficulties. Mr. Olivier's own testimony indicates that the parties reconciled and were still together by the time of this trial. We find service of process at Mr. Olivier's domicile was proper pursuant to La.Code Civ.P. art. 1234.

Mr. Olivier also argued that the workers' compensation judgment was not relevant to the proceedings. The workers' compensation judgment was necessary and relevant for Mr. Harris to establish that he had obtained a judgment against Mr. Olivier from the Office of Workers' Compensation. The trial court properly admitted the judgment.

The judgment was signed on January 9, 2012.  Mr. Harris filed the present suit on April 2, 2012.  This was after sixty days elapsed from the judgment but well within the one-year prescriptive period provided by La.Civ.Code art. 3492.  Therefore, the trial court properly denied Mr. Olivier's exception of prescription.

## NO CAUSE OF ACTION

Mr. Olivier argues that Mr. Harris's petition fails to state a cause of action because there are no allegations linking the workers' compensation action to the present action.  Furthermore, Mr. Olivier claims that there is no way to determine that Mr. Harris is seeking recovery pursuant to La.R.S. 23:1032.1.

A cause of action in the context of a peremptory exception of no cause of action "refers to the operative facts which give rise to the plaintiff's right to judicially assert an action against the defendant." *Maw Enters., L.L.C. v. City of Marksville*, 14-90, p. 6 (La. 9/3/14), ___ So.3d___, ___.  "The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition." *Id*.  "The exception is triable on the face of the pleadings and, for purposes of resolving the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. *Id*.

It is the mover who has the burden of proving that a petition fails to state a cause of action.  *Id*.  Review of a lower court's decision on an exception of no cause of action is de novo.  *Id*.  The appellate must determine whether the petition states any valid cause of action for relief when viewed in a light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff.  *Id*.

"Generally, under LA. C.C.P. art. 931, no evidence may be introduced to support or controvert the exception of no cause of action." *Id*. at ___.  "However,

9

an exception to this rule has been recognized by the jurisprudence, and a court may consider evidence admitted without objection to enlarge the pleadings." *Id.*

Mr. Olivier's counsel did object to the introduction of the workers' compensation judgment stating, "I don't know what's the relevancy, the worker's [sic] compensation judgment." Counsel for Mr. Harris then explained that it was to establish that Mr. Harris already sought relief in the Office of Workers' Compensation and that it remains unpaid. The trial court then allowed the judgment to be admitted into evidence.

As previously discussed, we do find that the judgment is relevant and properly admitted to defeat Mr. Olivier's exception of prescription during the course of proceedings. While there was an objection as to the relevancy of the judgment, no objection was made to the trial court's consideration of the judgment for purposes of determining the exception of no cause of action. *Block v. Bernard, Cassisa, Elliot & Davis*, 04-1893 (La.App. 1 Cir. 11/4/05), 927 So.2d 339. Furthermore, without objection, Mr. Olivier agreed during his testimony that Mr. Harris had a workers' compensation judgment against him which he brought to his attorney.

Based on the petition, evidence, and testimony introduced at trial, we find that the pleadings were enlarged such that the trial court was correct in denying Mr. Olivier's exception of no cause of action. We find that Mr. Harris stated a cause of action for penalties under La.R.S. 23:1032.1.

**JUDGMENT SILENT AS TO ONE DEFENDANT**

Originally Mr. Harris sued both Mr. Olivier and Mr. Engeron in tort. Prior to trial, counsel for Mr. Harris stated that he was not pursuing Mr. Engeron because Mr. Harris was working for Mr. Olivier at the time of his injury. On

appeal, Mr. Olivier argues that a valid judgment cannot be rendered where a co-defendant has not filed an answer nor had a default judgment taken against him. Mr. Olivier claims that the trial court judgment does not dismiss Mr. Engeron nor is there language certifying that the judgment is a final appealable judgment as required by La.Code Civ.P. art. 1915.

"A judgment that determines the merits in whole or in part is a final judgment." La.Code Civ.P. art. 1841. Pursuant to La.Code Civ.P. art. 1841 "[a] judgment is the determination of the rights of the **parties in an action**", so that "[a] judgment cannot determine rights or award relief to persons or entities who are not parties to the litigation." *Minton v. Crawford*, 98-478, p. 10 (La.App. 3 Cir. 10/7/98), 719 So.2d 743, 748 (first alteration in original).

Prior to trial, counsel for Mr. Harris related to the trial court that he was not seeking any relief from Mr. Engeron. By not pursuing his action against Mr. Engeron, Mr. Harris risked the fact that the trial court may have found, based on the evidence, that Mr. Engeron was his employer at the time of the accident. Under those circumstances, Mr. Harris would not be entitled to judgment granting him relief against Mr. Engeron. This does not affect Mr. Olivier's liability toward Mr. Harris. As already confirmed by this court, the evidence established that Mr. Olivier was Mr. Harris's employer at the time of the accident. Therefore, the judgment finding Mr. Olivier liable to Mr. Harris for legal damages was a proper final judgment which granted Mr. Harris all the relief he asked for and not a partial final judgment. La.Code Civ.P. art. 1915(A).

## DAMAGES

In his final assignment of error, Mr. Olivier claims that the award of damages was excessive. He argues that Mr. Harris was able to return to work

making twice the money he did before the accident. Mr. Olivier also claims that while Mr. Harris has some discomfort with his hand, he seems to have full use of his hand. The trial court awarded $125,000.00 in general damages. Special damages awarded included $25,947.90 for medical expenses and $54,200.00 for loss of wages.

The trial court is given great discretion in its assessment of both general and special damages. La.Civ.Code art. 2324.1; *Monte v. State Farm Mut. Auto. Ins. Co.*, 13-979 (La.App. 3 Cir. 5/21/14), 139 So.3d 1139, *writ denied*, 14-1289 (La. 9/26/14), ___ So.3d ___. A trial court's decision as to the appropriate amount of damages is entitled to great deference on review. *Monte*, 139 So.3d 1139. Therefore, an appellate court should rarely disturb an award on review. *Id.* "Special damages are those which theoretically may be determined with relative certainty, including medical expenses and lost wages." *Id.* at 1148. "An appellate court, in reviewing a jury's factual conclusions with regard to special damages, must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusions, and the finding must be clearly wrong." *Id.* "A general damage award cannot be fixed with pecuniary exactitude." *Id.* at 1150. "An appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion." *Id.*

In awarding medical expenses, the trial court relied on the award in the workers' compensation judgment itself. Also, Mr. Olivier designated the record on appeal and did not include the medical bills submitted by Mr. Harris, so based on the evidence in the record before us, we find that trial court's award for medical expenses is proper.

The trial court also relied on Mr. Harris's testimony that he was making $700.00 a week and he was out of work for one-and-half years, or seventy-eight weeks, in awarding damages for loss of wages. We also find this award appropriate.

Regarding general damages, again we have no medical records to review. Mr. Harris testified that he was initially brought to Abbeville General Hospital where it was determined that he needed to be transferred to Our Lady of Lourdes Regional Medical Center due to the severity of the injury to his left hand. An orthopedic surgeon operated on his hand. Mr. Harris explained that all his fingers and his wrist were severely injured. He had to stay in the hospital for three days. He then went to physical therapy for five to six months. Mr. Harris testified that the therapy hurt worse than the initial accident.

Mr. Harris was unemployed for a year and half because he could not pick up anything with his left hand. Mr. Harris was able to secure employment with Moncla originally as a driller, with a promotion to a toolpusher by the time of trial. His hand continued to bother him at the time of trial. He explained that his wrist is weak and cold weather creates problems when he tries to open his hand. Mrs. Harris confirmed that her husband continues to have problems with his hand bothering him, especially when it is cold. Considering the testimony of the Harrises, we find no abuse of discretion in the trial court's award of $125,000.00 in general damages.

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Jason Olivier d/b/a Olivier's Contractors.

**AFFIRMED.**

NUMBER 14-765

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

SYLVESTER HARRIS

VERSUS

OLIVIER'S CONTRACTORS, ET AL.

AMY, J., concurring in part and dissenting in part.

I agree with the majority's affirmation of the rulings on the defendant's exceptions. However, I respectfully dissent from the opinion's resolution of the foundational issue of whether La.R.S. 23:1032.1 requires that an employee prove all elements of a tort action. In this case, the element at issue is that of fault/negligence. Affirming the trial court's finding on this point, the majority concludes that La.R.S. 23:1032.1 does not require demonstration of that element as the statute is punitive in nature.

In my opinion, however, the actual penalty to the employer is the risk of being "sue[d] . . . for all legal damages" which would eliminate the employer's protections under the workers' compensation provisions and expose it to liability for general damages as well as a less structured framework for loss of earnings, etc. Simply put, I find that La.R.S. 23:1032.1 provides an avenue for an employee's recovery under a general tort cause of action. With that "penalty" in mind, I do not see language otherwise within La.R.S. 23:1032.1, or in surrounding statutory authority, that would eliminate a requirement as fundamental as a plaintiff's burden of proof in a suit for "legal damages." For that reason, I find error in the trial court's determination that the plaintiff was not required to establish negligence. I would reverse on that issue and remand for further proceedings.