# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-153

JAMES E. STEWART, SR.

VERSUS

DIANNE DENLEY STEWART

**********

APPEAL FROM THE
FIRST JUDICIAL DISTRICT COURT
PARISH OF CADDO, NO. 441,913
HONORABLE. JOSEPH BLEICH, DISTRICT JUDGE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of Jimmie C. Peters, John E. Conery, and David Kent Savoie, Judges.

**AFFIRMED.**

**Donald L. Kneipp**
**Post Office Drawer 2808**
**Monroe, Louisiana 71207**
**(318) 388-4440**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Dianne Denley Stewart**

**James C. McMichael, Jr.**
**McMichael, Medlin, D'Anna, Wedgeworth & Lafargue, LLC**
**Post Office Box 72**
**Shreveport, Louisiana 71161-0072**
**(318) 221-1004**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James E. Stewart, Sr.**

**Nyle A. Politz**
**Booth, Lockard, Politz & Lesage**
**920 Pierremont Road, Suite 104**
**Shreveport, Louisiana 71106**
**(318) 222-2333**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James E. Stewart, Sr.**

**CONERY, Judge.**

Dianne Denley Stewart (Ms. Denley) appeals the trial court's judgment of September 30, 2014, which granted the peremptory exception of no cause of action asserted by her former husband James E. Stewart, Sr. (Mr. Stewart).[1] The trial court found that the relief sought by Ms. Denley in her petition was a substantive amendment of the April 27, 2010 final judgment of partition, which is precluded under Louisiana law. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The parties to this litigation were married in 1981, divorced on July 18, 2000, and the community property regime was terminated retroactively to July 13, 1999. After a trial on the issue of division of community property and the submission of post-trial memorandum, oral reasons were given by the trial court on November 16, 2005, and a judgment of partition of community property was signed on December 2, 2005. That judgment ordered that the retirement interest of Mr. Stewart in the Louisiana State Employees' Retirement System (LASERS), and the retirement interest of Ms. Denley in the Teachers Retirement System of Louisiana (TRSL), would be divided according to the formula devised in *Sims v. Sims*, 358 So.2d 919 (La.1978). The trial court further ordered counsel "to prepare the appropriate order for the court's approval without delay."

However, by February 14, 2008, the issue of retirement benefits was not yet entirely resolved, and the trial court once again ordered the division of the retirement interests of both parties according to the *Sims* formula, except for the

---

[1] James E. Stewart, Sr. is a member of the Louisiana Second Circuit Court of Appeal. All members of the Second Circuit Court of Appeal signed an order of recusal on January 20, 2015. The Louisiana Supreme Court issued an order on January 27, 2015 assigning the case to the Court of Appeal, Third Circuit. For the purposes of this opinion we will refer to him as Mr. Stewart.

entitlement of Ms. Denley to survivor benefits. The issue of LASERS's survivor benefits was then pending before the supreme court in the case of *LASERS v. McWilliams*, 06-2191, (La. 12/2/08), 996 So.2d 1036. At the time of the trial court's February 14, 2008 ruling, *LASERS v. McWilliams* was not a final ruling, as a request for rehearing had been filed in that case.

The trial court ordered the parties to submit a final prepared judgment within thirty days of a final ruling in *LASERS v. McWilliams*:

> [P]roposed orders dividing the LASERS retirement interest of JAMES E. STEWART, SR. and the Louisiana Teachers Retirement interest of DIANNE DENLEY. The Court will, without necessity of further proceeding herein [argument or hearing], execute and enter the appropriate order in conformity with the Judgment of Partition previously rendered herein and the **Lasers vs. McWilliams** decision.

Finally, on April 15, 2010, a "Second Amended Judgment of Partition of Employment Benefits" was signed by the trial court granting Mr. Stewart his community interest in Ms. Denley's TRSL retirement account. On April 27, 2010, a "Corrected Judgment of Partition of Employment Benefits" (April 27, 2010 Judgment) was signed by the trial court granting Ms. Denley her community interest in Mr. Stewart's LASERS retirement account. The April 27, 2010 Judgment also clarified Ms. Denley's rights to survivor benefits in accordance with the supreme court's decision in *LASERS v. McWilliams*. The April 27, 2010 Judgment was approved as to form by counsel for Ms. Denley and was requested in order to correct the handwritten portion of the identical judgment signed by the trial court on March 15, 2010.

The April 27, 2010 Judgment also ordered Ms. Denley to provide LASERS with a certified copy of the judgment within thirty days of signing. Likewise, in

2

the April 15, 2010 judgment partitioning Ms. Denley's benefits in the TRSL, Mr. Stewart was also ordered to provide a certified copy of the judgment to the TRSL.

On July 31, 2014, Ms. Denley, pro se, filed a petition entitled, "Rule to Show Cause to Amend Judgment of Partition," which was fixed for hearing on October 2, 2014. In her petition, Ms. Denley sought to amend the April 27, 2010 Judgment establishing her community property interest in Mr. Stewart's LASERS account made "payable to Dianne Denley upon retirement/termination of employment of James E. Stewart, Sr." Ms. Denley sought to incorporate language which would "allow her to immediately [begin] drawing her share of his LASER'S pension; or that James Stewart, Sr. pay to mover directly 40% of his current salary and/or the amount of mover's share of the pension."

Ms. Denley's basis for seeking the amendment apparently arises from her retirement from teaching in 2014, which triggered the payment to Mr. Stewart of twenty percent of her retirement benefits ordered in the trial court's April 16, 2010 judgment. Citing the inequities of the situation, as Mr. Stewart has not chosen to retire, Ms. Denley stated in her petition that the April 27, 2010 Judgment was not a final judgment pursuant to La.R.S. 9:2801(B). In response, Mr. Stewart filed the declinatory exception of lack of subject matter jurisdiction and the peremptory exceptions of no cause of action and res judicata.

Although the hearing on all issues was originally fixed for October 2, 2014, the trial judge, sitting ad hoc, moved the hearing to September 23, 2014 in order to rule before his appointment expired on September 30, 2014. On the day before the hearing, Ms. Denley sought a continuance due to the inability of conditionally retained counsel to appear, and/or to have more time for her to retain counsel. Counsel for Mr. Stewart had not received a copy of the motion to continue, and did

not have the authority to consent to the requested continuance. At the September 23, 2014 hearing, the trial court expressed its intention to move forward due to the need to expedite the matter considering the parties involved, and the possibility that additional recusals could ensue.

The trial court did allow counsel for Ms. Denley, or Ms. Denley pro se, to submit any opposition to the motions on or before noon on September 29, 2014. Counsel for Mr. Stewart waived oral argument and agreed to submit the issue to the trial court on his previously filed brief. The continuance sought by Ms. Denley was denied by the trial court at the hearing.

In an order dated September 24, 2014, the request for continuance by Ms. Denley was denied. The order also memorialized the procedure for submission of the motions for decision on briefs. Ms. Denley's retained counsel timely submitted a brief in response to the trial court's order on September 29, 2014. As Mr. Stewart had previously submitted his brief on the issue, the matter was properly submitted to the trial court for decision.

On September 30, 2014, the trial court issued its judgment, granting Mr. Stewart's peremptory exception of no cause of action and rendering moot the exceptions of res judicata and lack of subject matter jurisdiction filed by Mr. Stewart. Ms. Denley timely appealed on October 21, 2014. Shortly thereafter, Mr. Stewart sought to supplement the record with letters from both LASERS and TRSL, which Ms. Denley opposed. Despite the inclusion of the letters in the record on appeal, there was no hearing or order granting Mr. Stewart's motion to supplement the record. Ms. Denley filed a "Motion and Designation of Contents of Record," which was denied by the trial court as untimely.

4

# ASSIGNMENTS OF ERROR

Assignment of Error No. 1: The Trial Court's Granting of the Exception of No Cause of Action Was Legally Erroneous and an Abuse of Discretion

Assignment of Error No. 2: Mr. Stewart Was Allowed to Improperly and Illegally Supplement the Record and His Supplement Should Be Stricken From the Record

Assignment of Error No. 3: Ms. Denley Asks This Honorable Court For a Fair and Equitable Allocation and Assessment of Costs.

# LAW AND DISCUSSION

## *Peremptory Exception of No Cause of Action*

The recent third circuit case of *Harris v. Olivier's Contractors*, 14-765, pp. 9-10 (La. App. 3 Cir. 12/10/14), 155 So.3d 652, 661, *writ denied*, 15-335 (La. 4/24/015), ____So.3d____ stated:

> A cause of action in the context of a peremptory exception of no cause of action "refers to the operative facts which give rise to the plaintiff's right to judicially assert an action against the defendant." *Maw Enters., L.L.C. v. City of Marksville,* 14–90, p. 6 (La.9/3/14), 149 So.3d 210, 215. "The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition." *Id.* "The exception is triable on the face of the pleadings and, for purposes of resolving the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true." *Id.*
>
> It is the mover who has the burden of proving that a petition fails to state a cause of action. *Id.* Review of a lower court's decision on an exception of no cause of action is de novo. *Id.* The appellate [court] must determine whether the petition states any valid cause of action for relief when viewed in a light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Id.*
>
> Generally, under LA.C.C.P. art. 931, no evidence may be introduced to support or controvert the exception of no cause of action." *Id.* at 215. "However, an exception to this rule has been recognized by the jurisprudence, and a court may consider evidence admitted without objection to enlarge the pleadings." *Id.*

5

*Assignment of Error One*

The trial court in its "Judgment on Defendant in Rule's Peremptory Exception of No Cause of Action," signed on September 30, 2014, granted Mr. Stewart's peremptory exception of no cause of action, rendered the other exceptions of lack of subject matter jurisdiction and res judicata moot, and stated in pertinent part:

> At issue in this case is whether Ms. Denley is entitled to begin collecting her proportionate share of Mr. Stewart's retirement benefits prior to his retirement or termination from employment. Mr. Stewart argues that the April 27, 2010 partition judgment is a final judgment; therefore, to allow Ms. Denley to begin receiving her proportionate share prematurely according to the terms of that April 27, 2010 partition judgment amounts to a substantive amendment of a final judgment. Such an amendment is an absolute nullity under Louisiana law.
>
> The Court finds Mr. Stewart's argument to have merit. The April 27, 2010 partition judgment was not appealed and must be treated as a final judgment. According to the judgment, Ms. Denley's proportionate share "shall be payable to Dianne Denley upon retirement/termination of employment of James E. Stewart, Sr." Ms. Denley is seeking to modify the time at which her proportionate share becomes payable. An amendment generally is permissible if it "takes nothing from or adds nothing to the original judgment." [Footnote Three in the trial court's judgment provides: "*Villaume v. Villaume*, 363 So.2d 448 (La. 10/9/1978"] Here, Ms. Denley is requesting a substantial and material modification of the April 27, 2010 judgment by asking for what is due to her upon Mr. Stewart's retirement before he actually retires. Without question, this is a substantive modification.
>
> While the Court has fully considered and understands Ms. Denley's arguments for this Court to rely on principles of equity, the Court is bound by the rule of law not to derogate from the unambiguous terms of the April 27, 2010 final partition judgment. Indeed, Ms. Denley's argument is certainly far short of compelling when judging the exception of no cause of action from the face of the pleadings. As such, the Court does not find Ms. Denley to have stated a cause of action in her motion to which a remedy may be afforded, and Mr. Stewart's peremptory exception of no cause of action is therefore sustained.

*Louisiana Code of Civil Procedure Article 1951*

We begin our *de novo* review of the trial court's ruling with La.Code Civ.P. art. 1951 which provides:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

The rule that a trial court may not alter the substance of a final judgment is longstanding in Louisiana jurisprudence, as reiterated in *Leland v. Lafayette Ins. Co.*, 13-476, p. 6 (La.App. 3 Cir. 11/6/13), 124 So.3d 1225, 1229, *writ denied*, 13-2814 (La. 2/14/14), 132 So.3d 967:

> [Louisiana Code of Civil Procedure] Article 1951 contemplates the correction of a "clerical error" in a final judgment, but does not authorize substantive amendments. Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. *Villaume v. Villaume,* 363 So. 2d 448 (La. 1978). The proper recourse for an error of substance within a judgment is a timely application for new trial or a timely appeal. *LaBove v. Theriot,* 597 So.2d 1007, 1010 (La.1992); *Hebert v. Hebert,* 351 So.2d 1199 (La.1977); *Bourgeois v. Kost,* 02-2785, p. 5 (La.5/20/03), 846 So.2d 692, 695.

The petition seeking the amendment of the April 27, 2010 Judgment does not state that Ms. Denley sought either a new trial or timely appeal after the trial court signed the April 27, 2010 Judgment, requested by Ms. Denley in order to correct the handwritten portion of the identical judgment signed by the trial court on March 15, 2010. Thus, under La.Code Civ.P. art. 1951, the April 27, 2010 Judgment would be considered a final judgment, which could not be amended as requested in Ms. Denley's petition.

*Louisiana Revised Statutes 9:2801(B)*

Ms. Denley's petition urges that La.R.S. 9:2801(B) provides an exception to La.Code. Civ.P. art 1951. The application of La.R.S. 9:2801(B) would negate the final judgment status of the April 27, 2010 Judgment, making it interlocutory and subject to the amendment sought in her petition. Such an application would grant Ms. Denley a cause of action and allow the trial court to consider the requested amendment to the April 27, 2010 Judgment allowing her to immediately begin to receive her allotted share of Mr. Stewart's LASERS retirement benefits or a proportionate share of his salary.

Louisiana Revised Statutes 9:2801(B) states:

> B. Those provisions of a domestic relations order or other judgment which partitions retirement or other deferred work benefits between former spouses shall be considered interlocutory until the domestic relations order has been granted "qualified" status from the plan administrator and/or until the judgment has been approved by the appropriate federal or state authority as being in compliance with applicable laws. Amendments to this interlocutory judgment to conform to the provisions of the plan shall be made with the consent of the parties or following a contradictory hearing by the court which granted the interlocutory judgment. The court issuing the domestic relations order or judgment shall maintain continuing jurisdiction over the subject matter and the parties until final resolution.

After a determination that it had jurisdiction over both the "action and these parties and is the proper Court to render this Order," the April 27, 2010 Judgment stated in pertinent part (emphasis added):

> IT IS FURTHER ORDERED that this court finds that during the existence of the marriage between the parties, JAMES E. STEWART, SR., . . . was a member of the Louisiana State Employment Retirement System (LASERS), thereby establishing a community property interest in funds, DROP, survivor's or other benefits that **may** become payable by LASERS as a result of that membership in a percentage to be calculated as follows:
>
> One-half (1/2) of a fraction, the numerator of which is the number of years of service credit earned or purchased by

8

James E. Stewart, during the existence of the aforesaid community property regime from August 1, 1981 until July 12, 1999; and the denominator of which is the total number of years of service credit James E. Stewart, Sr. has with LASERS as of the date funds, survivor's, or other benefits become payable by LASERS.

IT IS FURTHER ORDERED that DIANNE DENLEY, shall also receive the same percentage as set forth in the proceeding section of any funds deposited in James E. Stewart, Sr.'s DROP/IBO Account and shall be payable to Dianne Denley upon retirement/termination of employment of James E. Stewart, Sr[.]

The April 27, 2010 Judgment then ordered that the aforementioned funds be payable directly to Ms. Denley at her current address or "such other address as Dianne Denley may advise LASERS in writing in accordance with [the] this judgment." The trial court then also ordered (emphasis added):

[T]hat Deanne Denley **shall** provide LASERS with a certified copy of this judgment within thirty (30) days after it is signed by the undersigned judge; and that Dianne Denley shall inform LASERS in writing of all future changes in her mailing address within thirty (30) days after such change of address becomes effective.

In her petition, Ms. Denley cited as support for the interlocutory status of the April 27, 2010 Judgment the case of *Tate v. Tate*, 08-1968 (La.App. 1 Cir. 3/27/2009), 9 So.3d 1010. In *Tate*, the first circuit affirmed the trial court and found the judgment at issue remained interlocutory under La.R.S. 9:2801(B). The first circuit found that the judgment had not been granted "qualified" status from the LASERS plan administrator, as it had been rejected for non-compliance with the LASERS requirements. *See* La.R.S. 9:2801(B). Thus, as provided in La.R.S. 9:2801(B), the judgment was subject to amendment after a contradictory hearing or by consent of the parties.

The April 27, 2010 Judgment in this case ordered that Ms. Denley, "**shall** provide LASERS with a certified copy of this judgment within thirty (30) days

9

after it is signed by the undersigned judge." (Emphasis added.) Her petition is silent on this issue, and there is no evidence in the record that Ms. Denley did not send a certified copy of the April 27, 2010 Judgment to LASERS. This court must presume that she followed the order of the trial court and that the April 27, 2010 Judgment was accepted by LASERS and, thus, was granted "qualified" status, unlike the judgment in *Tate*. Accordingly, the April 27, 2010 Judgment could not be considered interlocutory pursuant to La.R.S. 9:2801(B), but would constitute a final judgment under La.Code Civ.P. art. 1951.

Ms. Denley also cited the cases of *Hare v. Hodgins*, 586 So.2d 118 (La.1991) and *Halverson v. Halverson*, 589 So.2d 1153, (La.App 5 Cir. 1991), *writ denied*, 600 So.2d 1153 (La. 1992). Both of these cases were decided prior to the addition of La.R.S 9:2801(B) to La.R.S. 9:2801 by 2001 Acts 493 and therefore lend no support to Ms. Denley's argument. Additionally, each of the cases cited involved an appeal of the initial partition of the community assets, which included retirement benefits. As previously stated, the April 27, 2010 Judgment which partitioned Mr. Stewart's retirement benefits was not appealed. Therefore, we find that the trial court correctly determined that the July 31, 2014 petition filed by Ms. Denley failed to state a cause of action. Thus, Ms. Denley's assignment of error number one is without merit.

***Assignment of Error Two***

Ms. Denley seeks to have stricken from the record a September 3, 2014 letter from LASERS and a May 11, 2010 letter from the TRSL, which were filed in conjunction with Mr. Stewart's October 24, 2014 motion to supplement the record. Ms. Denley opposed the motion and there is no order allowing the submission of the letters into the record. Ms. Denley sought to have the letters stricken from the

10

record and filed a "Motion and Designation of Contents of Record," which was denied by the trial court as untimely.

Louisiana Code of Civil Procedure Article 2164 states, in pertinent part, "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." "Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Serv., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. There is nothing in the record to indicate that the two letters were received into evidence, despite having been filed into the record in connection with the motion to supplement. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." *Denoux*, 983 So.2d at 88.

The trial court's ruling granting Mr. Stewart's exception of no cause of action was correctly rendered on the basis of Ms. Denley's pleadings, pursuant to La.Code Civ.P. art 931, which states in pertinent part, "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." However, "an exception to this rule has been recognized by the jurisprudence, and a court may consider evidence admitted without objection to enlarge the pleadings." *Maw Enters*, 149 So.3d at 215. In this case, the application of the exception to La.Code Civ.P art. 931 does not apply in light of the strenuous objection by Ms. Denley to the admission into evidence of the two letters at issue. Therefore, for the reasons previously stated, Ms. Denley's assignment of error two has no merit, as the letters at issue are not part of the record on appeal having not been properly entered into evidence in the district court record.

*Assignment of Error Three*

Ms. Denley, in her third assignment of error, asks this court to reimburse her for costs of the appeal, district court costs, and other costs relating to the proceedings. In the alternative, she asks this court for "an equitable allocation and assessment of all costs pursuant to La.Code Civ.P. art. 2164."

Louisiana Code of Civil Procedure 2164 provides:

> The appellate court shall render any judgment which is just, legal and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

Considering the outcome of this appeal, this court finds no basis to grant Ms. Denley's request that the costs be waived or allocated between the parties to the litigation.

## CONCLUSION

For the reasons assigned, we affirm the judgment of the trial court sustaining James E. Stewart's peremptory exception of no cause of action, finding that the "Rule to Show Cause to Amend Judgment of Partition" filed on behalf of Dianne Denley Stewart failed to state a cause of action for which a remedy could be afforded under the laws of the State of Louisiana. Costs of this appeal are assessed to Dianne Denley Stewart.

**AFFIRMED.**

12