597 So.2d 1007 (1992)
George A. LABOVE
v.
Francis R. THERIOT.
No. 91-C-2524.
Supreme Court of Louisiana.
April 20, 1992.
*1008 Roger G. Burgess, Lake Charles, Wells Talbot Watson, New Orleans, for plaintiff-applicant.
Louis D. Bufkin, Lake Charles, for defendant-respondent.
EDWARD A. DUFRESNE, Jr., Justice Pro Tem.[*]
The issue before us is whether a judgment sustaining an exception of res judicata in an automobile collision suit was proper. The brief facts are that plaintiffs submitted a judgment dismissing the case as to all parties and it was signed by the trial judge. Some five weeks later, plaintiffs submitted, ex parte, a second judgment which purported to amend the first judgment so as to revive the suit against a party previously dismissed through alleged inadvertence. This judgment was signed by the trial judge without a hearing or notice to the affected defendant. Almost two years later, on the morning of trial, this defendant urged an exception of res judicata.
The trial judge, noting that the second judgment was invalid because signed by him without legal authority, on ex parte motion, and without a hearing, sustained the exception based on the first judgment. Plaintiffs appealed and urged three grounds for reversal:
1. The exception of res judicata was not the proper procedural device to attack the amended judgment;
2. The second judgment was a valid amendment to the first because the defendant tacitly consented to it; and
3. That in waiting almost two years from rendition of the amended judgment to attack its validity, the defendant is precluded by principles of equitable estoppel from doing so now. The Court of Appeal, in an unpublished opinion, affirmed the judgment of the trial court. Labove v. Theriot 587 So.2d 221 (La.App. 3rd Cir.1991).
We granted a writ to review the correctness of this opinion. For the reasons below, *1009 we affirm the judgment of the lower courts.
The record, which consists almost entirely of pleadings, discloses the following facts. On February 8, 1986, Dorothy LaBove was allegedly injured in an automobile accident. On January 27, 1987, she and her husband sued Francis Romain Theriot (Romain), the driver of the other vehicle, and his insurer, Fireman's Fund Insurance Co. By amended petition they then added as a defendant Romain's father, Francis Oberly Theriot (Oberly), d/b/a Cal-Cam Cattle Co., alleging that at the time of the accident Romain was in the course and scope of employment by his father. It further appears that plaintiffs filed a claim with Southern Farm Bureau Casualty Insurance Co., their uninsured motorist carrier, but nothing in the record shows that this company ever became an actual party to the suit.
In any event, on December 2, 1987, plaintiffs' counsel submitted to the court a Motion and Order of Dismissal which urged that "the above captioned matter be dismissed with prejudice at defendants' costs for the reason that the parties have reached an amicable settlement of these claims". This order of dismissal of the entire suit was signed by the trial judge on the same date.
Twenty days later, on December 22, a Motion and Order of Partial Dismissal was filed by plaintiffs' counsel and signed by the trial judge. This document recites that Southern Farm Bureau Casualty Insurance Company is dismissed with prejudice, but that plaintiffs reserve their rights to proceed against all other parties, and specifically Cal-Cam Cattle Co. No mention was made in this pleading of the prior judgment of dismissal.
Then on January 8, 1988, plaintiffs' counsel presented the trial judge with a Motion to Amend Judgment of Dismissal, wherein he urged that the December 2, 1987, judgment of dismissal should be amended to reflect that plaintiffs reserved their rights against Oberly Theriot and Cal-Cam Cattle Company. This motion was submitted ex parte, and an order was summarily signed by the judge, without hearing or notice, in effect re-instituting the suit as to Oberly and Cal-Cam. Attached to this motion was the release agreement between the plaintiffs and Southern Farm Bureau, their UM carrier, and entity which was not a party to this suit. The release as to Romain Theriot and Fireman's Fund, his insurer, does not appear in the record.
During this period, it appears that Oberly was being represented by Michael Bercier, although the first appearance of this attorney's name in the record is on a Motion for Summary Judgment on Oberly's behalf, dated January 14, 1987, six days after the amended judgment of January 8. This representation continued through the spring of 1988, during which time discovery was apparently going forward. Then, on May 20, 1988, Louis Bufkin enrolled as Oberly's counsel, and on June 1, 1988, Bercier withdrew.
However, four days before Bufkin enrolled, plaintiffs had, by way of amended petition, added Allstate Insurance Co. as a defendant, alleging that it was Oberly's insurer. Although Allstate was eventually dismissed upon showing that it was not an insurer at the time of the accident, while that issue was pending this company had employed Stephen Berniard, Jr. to represent Oberly. Berniard's first appearance of record is June 28, 1988, when he filed an answer on Oberly's behalf. His next and only other appearance of record was almost nine months later, on March 10, 1989, when he filed a motion to withdraw as counsel because Allstate had been dismissed at about that same time, and his employment by Allstate on Oberly's behalf had been terminated.
As to Bufkin, his name does not appear between his motion to enroll on May 20, 1988, and December 18, 1989, when he filed the exception of res judicata at issue here on behalf of Oberly.
This exception was filed on the morning of trial and immediately taken up by the court. In brief oral reasons for sustaining the exception, the trial judge first noted that the December 2, 1987 judgment of dismissal was facially proper and authorized *1010 by plaintiffs' counsel. He further stated that the amended judgment of January 8, 1988, had been presented to him ex parte. He reasoned that he did not have the authority to sign that judgment reinstating the case without a contradictory hearing with parties prejudiced by the action. He thus declined to give effect to the amended judgment, and ruled that the first judgment of dismissal barred further action by plaintiffs in the case on grounds of res judicata. A motion for a new trial on the exception was subsequently denied, and the trial court judgment was affirmed on appeal.
Plaintiffs now seek review in this court urging the same three grounds for relief as urged in the appellate court.
We first address plaintiffs' second argument, i.e. that the amended judgment was valid, and therefore superseded and nullified the original judgment. Preliminarily, we note that there is no question that the amendment of the original judgment, which purported to reinstate a suit previously dismissed with prejudice, was one of substance, and therefore not permissible under La.Code Civ.Pro., art. 1951. It is further the general rule that when an error of substance has crept into a final judgment, that error may be corrected by way of a timely motion for a new trial or by appeal, Hebert v. Hebert, 351 So.2d 1199 (La.1977); Villaume v. Villaume, 363 So.2d 448 (La.1978). In Villaume, supra, we indicated a third method of effecting a substantive change in final judgments, i.e. by consent of the parties.
As to substantive amendments to judgments made without recourse to the above procedures, the courts have uniformly held them to be absolute nullities, Almerico v. Katsanis, 458 So.2d 158 (La.App. 5th Cir. 1984); Coomes v. Allstate Ins. Co., 517 So.2d 436 (La.App. 1st Cir.1987); Templet v. Johns, 417 So.2d 433 (La.App. 1st Cir. 1982).
There is no question here that plaintiffs did not move for a new trial or appeal the original December 2, 1987 judgment. What they urge instead is that there was some tacit agreement with Oberly, or Michael Bercier, his then counsel, that the original judgment was in error in dismissing him with prejudice, and further that this defendant, or his attorney, had consented to the amended judgment which brought him back into the suit. They urge that because the amended judgment was thus issued by consent of all parties, it is valid notwithstanding that it did not fall within the provisions of La.Code Civ.Pro., art. 1951, citing Villaume v. Villaume, supra.
The difficulty with this entire argument is that it depends on facts not appearing in the record.
As we noted earlier, the record before us consists almost entirely of pleadings. There are no depositions, affidavits or any testimony from Oberly Theriot or Michael Bercier, as to their participation in, or consent to, the amended judgment, or on the question of whether they even knew that such a judgment existed. The motion and order to amend contains no representations that Oberly or his attorney agreed to it, nor does it contain a certificate of service or any request appearing in the record that this defendant be served or notified by the clerk of court that the amendment had been submitted or signed.
We further note that the transcript of the hearing on the exception does not show that plaintiffs' counsel made any argument then as to prior consent to the amendment. While counsel may have been taken by surprise by the exception and immediate hearing (to which he made no objection or request for a continuance in order to prepare), in his ten page memorandum in support of his motion for a new trial on the exception, he likewise did not assert or even raise the issue of consent by Oberly to the amendment.
It was not until he filed his brief in the appellate court that the question of consent was raised. Moreover, even were we to accept the representations made here in brief as to how the amendment came about, those representations would hardly rise to the evidentiary level needed to show consent. What is represented is simply that around December 20, 1987, Bercier *1011 notified plaintiffs' counsel that the suit against Oberly had been dismissed, by apparent inadvertence, in the judgment of December 2nd. Plaintiffs' counsel then contacted the attorney for Fireman's Fund, Romain's insurer, and they prepared the motion and order to amend and submitted it jointly. No suggestion is made that Bercier was shown the amendment or asked if he was in agreement with it, either before or after it was signed. Be that as it may, evidentiary support for even these minimal allegations of an agreement appear nowhere in the record. It is thus evident that plaintiffs' assertion of the amended judgment was validated by agreement of the parties, as per Villaume, supra, is not supported by any competent evidence of record. On this showing, we can only conclude that the amended judgment is without legal effect, and that the original judgment dismissing the entire suit with prejudice remains valid.
Plaintiffs' first argument, i.e., that the exception of res judicata was not the proper procedural device to be used, is equally without merit. As with any exception, the burden is upon the moving party to establish facts warranting judgment in his favor. Once this is done, it is incumbent upon the opposing party to go forward with evidence to the contrary. Here, the moving party relied upon a facially valid judgment in his favor, dismissing the suit with prejudice, and thus clearly met his initial burden of proof. It was thus incumbent on the opposing parties to go forward with an attack on this judgment. This they attempted to do by urging that the original judgment was no longer valid, having later been amended in their favor. It was only at that point in the proceeding that the validity of the amended judgment was put at issue, and that validity vel non had then to be considered by the trial judge.
The plaintiffs assert to the contrary that Oberly could not attack the amended judgment by way of the exception, but rather should have sought a new trial, appealed or brought an action in nullity to set it aside. As shown above, however, Oberly did not originally attack this judgment, but rather relied upon the original judgment as the basis of his exception. Plaintiffs then attempted to attack this original judgment by showing that it was invalid, but their asserted proof, the amended judgment, was found lacking because having been improperly signed in the first place. In these circumstances we agree that the exception of res judicata was a proper procedure for Oberly to utilize.
We further point out that the absolute nullity of a judgment may be raised at any time and in any proceeding where the validity of such a judgment is asserted, Charia v. Mungoven, 550 So.2d 939 (La. App. 5th Cir.1989); State v. Minniefield, 467 So.2d 1198 (La.App. 2nd Cir.1985); Succession of Barron, 345 So.2d 995 (La. App. 2nd Cir.1977). In the present case, the amended judgment was asserted against the exception of res judicata, and its nullity was thus properly raised at that time.
Plaintiffs' final argument is that the doctrine of equitable estoppel should preclude Oberly from urging the exception of res judicata almost two years after signing of the amended judgment. Again we disagree. This peremptory exception may be filed by a party at any stage of the proceedings in the trial court prior to the submission of the case for a decision, La.Code Civ.Pro., art. 928. Plaintiffs argue in effect that in participating in discovery and other preliminary matters, without first filing this exception, that the right to do so at any time prior to submission of the case is somehow barred by the doctrine of estoppel. If that were the case, then the specific statutory provision of art. 928 would be rendered meaningless. Further, our legislature has provided that certain exceptions are waived by failure to timely urge them prior to answer, La.Code Civ.Pro., arts. 925 and 926, but has determined that res judicata can be raised in the trial court at any time prior to submission of the case. Because the effect of applying the equitable remedy of estoppel in this case would be to negate the specific statutory limitation for urging this peremptory exception, we are *1012 precluded from doing so, La.Code Civ.Pro., art. 4; Palermo Land Co., Inc. v. Planning Commission of Calcasieu Parish, 561 So.2d 482 (La.1990).
For the foregoing reasons, the judgment of the lower courts upholding defendant's peremptory exception of res judicata is affirmed.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
The Code of Civil Procedure provides three methods of seeking modification of a judgment in the trial court: motion for new trial, motion to amend judgment, and action for nullity of judgment. See Book II Ordinary Proceedings, Title VIJudgments, Chapter 4Modification in Trial Court.
When plaintiffs discovered the error in the judgment of dismissal, it was too late to apply for a new trial. La.Code Civ.Proc. art. 1974. A motion to amend the judgment under La.Code Civ.Proc. art. 1951 was also unavailable, as the majority points out, because Article 1951 does not apply to errors of substance. The only remaining method for modifying the judgment in the trial court was a petition to annul the judgment under La.Code Civ.Proc. art. 2001-06.[1]
Plaintiffs filed a motion to amend under Article 1951, but they set forth facts which arguably constituted grounds for nullity of the judgment. A judgment of dismissal obtained (even inadvertently) by a party, when the mover did not intend to dismiss that party and when that party was not part of the compromise on which the dismissal was based, is arguably obtained by ill practice. La.Code Civ.Proc. art. 2004. Plaintiffs' motion to amend was filed within the time limit for seeking nullity of judgment. Id.
In order to accomplish substantial justice, I would construe the motion to amend as a timely petition for nullity of the judgment of dismissal.[2] I would further instruct the trial judge to require filing of an answer and in due course to set the nullity action for trial on the merits. If plaintiffs eventually prevail in the nullity action, then the annulled judgment will no longer constitute a bar to further litigation against Francis Oberly Theriot.
NOTES
[*] Judge Edward A. Dufresne, Jr., of the Court of Appeal, Fifth Circuit, participated in this case as Associate Justice Pro Tempore in place of Associate Justice Jack C. Watson, who was recused.
[1] An appeal to the court of appeal was still available, but an appeal on the record made up by the opponent is generally not helpful.
[2] Every pleading should be so construed as to do substantial justice. La.Code Civ.Proc. art. 865.

The action for nullity must be filed in the trial court which rendered the judgment. La.Code Civ.Proc. art. 2006. Although a separate action, it may be filed under the same docket number as the original suit.
When the motion to amend is construed as a petition for nullity in the present case, the pleading is subject to an exception of improper use of summary proceedings. La.Code Civ. Proc. art. 926(3) and 2592. However, the pleading does entitle plaintiffs to prove their asserted grounds for nullity in an ordinary proceeding.