RCANNELLA, Judge.
Defendant, Wal-Mart Stores Inc. (Wal-Mart), appeals from an amended judgment rendered in favor of plaintiff, Annabelle Buckel, denying Wal-Mart’s exception of prescription for medical payment benefits under the Worker’s Compensation Act and ordering payment of the medical benefits. For the reasons which follow, we vacate the amended judgment.
*870 On February 10, 1992, Buekel was an employee of Wal-Mart when she was allegedly injured. She filed a claim under the Louisiana Worker’s Compensation Act on September 15, 1993. In response to that claim, Wal-Mart filed an exception of prescription. The exception was referred to the merits.
Trial was held on February 24, 1994. The trial court rendered judgment on July 21, 1994, granting Wal-Mart’s exception of prescription and dismissing Buckel’s claim. In her reasons for judgment, the hearing officer stated that she found that Buekel met her burden of proving a | ¡¡disability and its causal relation to her employment, but did not meet her burden of proving suspension or interruption of prescription, since the case was prescribed on its face.
Thereafter, on August 14, 1994, the hearing officer rendered an “Amended Judgment,” granting the exception of prescription as to disability benefits but now denying the exception as to medical payment benefits and rendering judgment for Buekel on her claim for medical benefits. It is from this judgment that Wal-Mart appeals.
Wal-Mart argues that the “Amended Judgment” rendered by the trial court on August 14, 1994 is null and should be vacated. Wal-Mart argues that the trial court was without legal authority to render such a judgment. We agree.
While La.R.S. 23:1310.8 permits a worker’s compensation hearing officer to modify a judgment previously rendered, such modifications are only authorized “upon application by a party” and “after a contradictory hearing.” [1]
In this case there was no application by either party and no contradictory hearing. Therefore, the amendment to the judgment was not Rmade under the authority of La. R.S. 23:1310.8 since it is not applicable to the circumstances presented herein. In the absence of any applicable provisions in the Worker’s Compensation Act, procedural matters are controlled by the Louisiana Code of Civil Procedure.
La.C.C.P. art. 1951, granting a court authority to amend a judgment, provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
There is no question that the amendment of the original judgment, which attempted to reinstate and grant Buckel’s claim for medical benefits, which had been previously denied and dismissed, was one of substance. Such a substantive amendment is not permitted under La.C.C.P. art. 1951. Barron v. First Lake Properties, Inc., 93-902 (La.App. 5th Cir. 3/29/94), 636 So.2d 970.
It is well settled that when an error of substance has been made in a judgment, it can be corrected in only one of three ways: by motion for new trial, by action for nullity of judgment, and by appeal. Labove v. Theriot, 597 So.2d 1007 (La.1992). The courts have uniformly held that substantive amendments to judgments made without recourse to the above procedures are absolute nullities. Labove v. Theriot, supra.; Coomes v. Allstate Ins. Co., 517 So.2d 436 (La.App. 1st Cir.1987); Almerico v. Katsanis, 458 So.2d 158 (La.App. 5th Cir.1984); Templet v. Johns, 417 So.2d 433 (La.App. 1st Cir.1982).
Accordingly, we find that the amended judgment dated August 14, | s1994 is null and *871 is hereby vacated and set aside. The case is remanded to allow Buckel an opportunity to move for an appeal of the July 21, 1994 judgment, if deemed appropriate. Costs of appeal are to be paid by Buckel.

AMENDED JUDGMENT VACATED; REMANDED.

. La.R.S. 23:1310.8 provides in pertinent part:
A. (1) The power and jurisdiction of the hearing officer over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto, if, in his opinion, it may be justified....
* * * * ⅜ *
B. Upon application of any party in interest, on the ground of a change in conditions, the hearing officer may, after contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Worker's Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.