STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0288

KENNETH M. DEAN

VERSUS

ANTHONY DIMATTIA,
also known as ANTHONY PAUL MILLER

CONSOLIDATED WITH

2021 CA 0289

KENNETH M. DEAN

VERSUS

TYFFANIE A. VIAL AND
THE TITLE SOURCE OF LOUISIANA, L.L.C.

*Judgment Rendered:* OCT 0 4 2021

********

Appealed from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Case No. 2017-0002224
Consolidated With
Case No. 2018-0000479

The Honorable Robert H. Morrison, III, Judge Presiding

********

| | |
|---|---|
| Albert J. Nicaud | Counsel for Defendant/Appellant |
| Jeffrey M. Siemssen | Anthony Dimattia |
| Brett D. Guepet, Jr. | |
| Metairie, Louisiana | |

Glen R. Galbraith
Lesli S. Bolner
Hammond, Louisiana

Counsel for Plaintiff/Appellee
Kenneth M. Dean


P. Mike Boyd
Laura F. Ashley
New Orleans, Louisiana

Counsel for Defendants/Appellees
Tyffanie A. Vial and The Title
Source of Louisiana, L.L.C.

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**LANIER, J.**

In the instant appeal, defendant, Anthony Dimattia, challenges two judgments of the district court concerning his eviction from the property located at 39245 West Brickyard Road, Springfield, Louisiana ("the Brickyard Property"). For the reasons that follow, we recall the rule to show cause, vacate the June 8, 2020 judgment, reinstate the June 2, 2020 judgment, dismiss the appeal, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Kenneth M. Dean, is the court-appointed curator of his interdicted parents, William E. Dean, Jr. and Linda Rabalais Dean ("the Interdicts"). According to the record, Mr. Dean and Mr. Dimattia have been involved in several ongoing business dealings related to various real estate transactions. Relative to the instant appeal, Mr. Dimattia avers that he agreed to purchase the Brickyard Property from the Interdicts. In exchange, Mr. Dimattia asserts that he agreed to transfer two pieces of his immovable property to the Interdicts ("the Highway 22 Property" and "the Bud Juban Property"), enter into a "credit deed" and promissory note, and settle amounts owed to Mr. Dimattia for services he provided Mr. Dean and the Interdicts.

Mr. Dean filed suit on August 9, 2017, to annul the sale of the Brickyard Property, arguing that because there was no court approval prior to the sale, the sale was null.[1] In response, Mr. Dimattia filed an answer, generally denying the allegations of the petition, and a reconventional demand seeking: 1) the annulment of the transfer of the Highway 22 Property and the Bud Juban Property to the

---

[1] Mr. Dean subsequently filed suit on February 9, 2018, against Tyffanie A. Vial, The Title Source of Louisiana, L.L.C., and their respective insurance companies, to recover damages as a result of negligence in transferring the title of the Brickyard Property to Mr. Dimattia. Mr. Dimattia filed a motion to consolidate the two cases, and on October 4, 2018, the parties entered into a consent judgment regarding the consolidation of the matters. However, there are no issues relating to the second suit before us on appeal.

Interdicts; 2) a money judgment for the amounts Mr. Dimattia paid to Mr. Dean on the promissory note regarding the Brickyard Property; 3) a money judgment for all rents received by the Interdicts on the properties Mr. Dimattia transferred; and 4) a money judgment for Mr. Dean's purported breaches of contract for Mr. Dimattia's services.

Thereafter, Mr. Dean filed a motion for partial summary judgment seeking the annulment of the sale of the Brickyard Property. On March 26, 2019, the district court signed a judgment granting the motion for partial summary judgment in favor of Mr. Dean, finding that the "credit deed," which purported to transfer the Brickyard Property from the Interdicts to Mr. Dimattia, was a relative nullity.

On June 5, 2019, Mr. Dean filed a motion for eviction, noting that despite amicable demand, Mr. Dimattia refused to vacate the premises of the Brickyard Property. Mr. Dean alleged that Mr. Dimattia had allowed the insurance on the property to lapse and made "works on the property in a wetlands area without a permit from the Army Corps of Engineers." Citing La. Code Civ. P. art. 4701, Mr. Dean asserted that he had delivered a written notice to vacate to Mr. Dimattia and that more than five days had elapsed since delivery of said notice. The motion for eviction was heard on July 29, 2019, at which time the motion was denied as premature.

In May 2020, Mr. Dean filed a motion for reconsideration of eviction, arguing that despite amicable demand, Mr. Dimattia still refused to vacate the premises of the Brickyard Property and surrender possession to the rightful owners. In a judgment signed on June 2, 2020, the district court inexplicably ordered that Mr. Dean be evicted from the Brickyard Property. Subsequently, on June 8, 2020, the district court, on its own motion amended the judgment, ordering

4

the eviction of Mr. Dimattia. This appeal, of both the June 2, 2020 judgment and the June 8, 2020 judgment, by Mr. Dimattia followed.[2]

## DISCUSSION

After the appeal record was lodged, this court issued a Show Cause Order, noting while the June 2, 2020 judgment was included in the record, the record did not contain the June 8, 2020 judgment. The Show Cause Order further indicated it was unclear which judgment was before this Court and whether multiple appeals should have been lodged pursuant to Mr. Dimattia's "October 5, 2020 motion for appeal that seeks review of two different judgments." In response to the show cause order, the parties filed briefs, each arguing that the June 8, 2020 judgment was signed by the district court to correct a "typographical error" in the June 2, 2020 judgment that mistakenly named "Kenneth Dean" as the party to be evicted rather than "Anthony Dimattia." Thereafter, Mr. Dimattia filed a motion to supplement the record with the June 8, 2020 judgment, which motion was granted by this court. Because both judgments are now in the record before us, we recall the rule to show cause and address the problems we have noted in the two judgments rendered by the district court.

With regard to the June 8, 2020 judgment, the issue is whether the judgment is properly before us for review, as the change made by the district judge was clearly a substantive change. The law provides for only limited amendment of final judgments. Specifically, La. Code Civ. P. art. 1951 provides, "On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation." Article 1951 contemplates the correction of a "clerical error" in a

---

[2] Although Mr. Dimattia originally applied for supervisory review of the district court's June 2, 2020 ruling, this court granted the writ application for the limited purpose of remanding the matter to the district court with instructions to grant an appeal to Mr. Dimattia of the June 2, 2020 order as well as the June 8, 2020 order, should Mr. Dimattia seek to appeal said judgments. See **Dean v. Dimattia**, 2020-0564 (La. App. 1 Cir. 9/18/20) (unpublished writ action).

5

final judgment but does not authorize substantive amendments. **Bourgeois v. Kost**, 2002-2785 (La. 5/20/03), 846 So.2d 692, 695. Thus, a judgment may be amended by the court only when the amendment takes nothing from or adds nothing to the original judgment. *Id.* An amendment to a judgment that adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. **Frisard v. Autin**, 98-2637 (La. App. 1 Cir. 12/28/99), 747 So.2d 813, 818, writ denied, 2000-0126 (La. 3/17/00), 756 So.2d 1145. Changing the name of a party cast in judgment is a substantive change. **Fagan v. LeBlanc**, 2005-1845 (La. App. 1 Cir. 2/10/06), 928 So.2d 576, 584.

Once a judgment is signed, it can be affected substantively in the district court by a new trial, La. Code Civ. P. art.1971, *et seq.*, an action for nullity, La. Code Civ. P. art. 2001, *et seq.*, or a timely appeal. **Sanderford v. Mason**, 2012-1881 (La. App. 1 Cir. 11/1/13) 135 So.3d 745, 749 (citing **Villaume v. Villaume**, 363 So.2d 448, 451 (La. 1978)). Substantive amendments to judgments made without recourse to the proper procedures are absolute nullities. **Wooley v. AmCare Health Plans of La., Inc.**, 2006-1146 (La. App. 1 Cir. 1/17/07), 952 So.2d 720, 730.

The Louisiana Supreme Court has also recognized that, on its own motion, and with consent of the parties, the district court may amend a judgment substantively. **Frisard**, 747 So.2d at 818 (citing **Villaume**, 363 So.2d at 451). Nonetheless, the Louisiana Supreme Court has expressed that an assertion of amendment of a final judgment by consent must be supported by competent evidence. **LaBove v. Theriot**, 597 So.2d 1007, 1010 (La. 1992).

In **LaBove**, the plaintiffs in an automobile accident case submitted to the district court a judgment dismissing the case as to all defendants, which judgment the district court signed. Subsequently, the plaintiffs submitted, *ex parte,* another judgment that purported to amend the first judgment in order to reserve their rights

6

to proceed against one of the defendants previously dismissed through alleged inadvertence. The district court signed the judgment, and the defendant filed an exception raising the objection of *res judicata*. The district court sustained the exception. On appeal, the court explained that there was "no question that the amendment of the original judgment, which purported to reinstate a suit previously dismissed with prejudice, was one of substance, and therefore not permissible under La. Code Civ. Pro., art.1951." **LaBove**, 597 So.2d at 1010. Instead, the court explained that when an error of substance has crept into a final judgment, that error may be corrected by way of a timely motion for a new trial or by appeal or by consent of the parties. Because the plaintiffs failed to move for a new trial, appeal the first judgment, or support with competent evidence their claim of consent, the supreme court agreed that the amended judgment was without legal effect and that the first judgment remained valid. *Id.*

In the instant appeal, the parties argue in brief to this court that there was a "typographical error" in the June 2, 2020 judgment resulting in "Kenneth Dean" mistakenly being named as the party to be evicted rather than "Anthony Dimattia." However, we note that appellate briefs are not part of the record. An appellate court has no authority to consider on appeal facts referred to in argument of counsel, in such briefs. **Niemann v. Crosby Development Co., L.L.C.**, 2011-1337 (La. App. 1 Cir. 5/3/12), 92 So.3d 1039, 1045. Moreover, it is unclear from the record how the second judgment came to be signed by the district court. The record does not contain a motion for new trial, a motion for nullity, or any evidence that the second judgment was signed with the consent of the parties, such as the signatures of the parties' respective counsel being included on the June 8, 2020 judgment. Nevertheless, the second judgment was signed by the district court on June 8, 2020, and clearly alters the substance of the first judgment by changing the name of the party cast in judgment.

7

Although it may be clear to the parties and to this court that the district court was attempting to correct its own error in the June 2, 2020 judgment, "[a] judgment which has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law." **Bourgeois**, 846 So.2d at 696. The district court signed the June 8, 2020 judgment in violation of the prohibition contained in Article 1951. Accordingly, we find the second judgment to be null and void. We hereby vacate the June 8, 2020 judgment and reinstate the June 2, 2020 judgment.

Although Mr. Dimattia has appealed the June 2, 2020 judgment, it is impossible to reconcile the judgment that is before us with Mr. Dimattia's arguments on appeal. In his appeal, Mr. Dimattia does not assign as error the language of the June 2, 2020 judgment. The judgment is not responsive to the pleadings in the record and does not appear to be consistent with the district court's apparent intent. Moreover, the problems with the June 2, 2020 judgment are not the type of errors that can be corrected by an appellate court. The June 2, 2020 judgment can only be cured by being substantively amended to change the name of the party to be evicted. As previously indicated, substantive amendments are only allowed if done as provided by law. Based on the unique facts and circumstances of this case, the June 2, 2020 judgment can only be substantively amended by the district court, supported by competent evidence that the amendment was done with the consent of the parties. Thus, we dismiss this appeal and remand for further proceedings consistent with this opinion.

## DECREE

For the above and foregoing reasons, we recall the rule to show cause, vacate the June 8, 2020 amended judgment, reinstate the June 2, 2020 original judgment, dismiss the appeal, and remand for further proceedings. We assess all costs associated with this appeal equally between plaintiff/appellee, Kenneth M. Dean and defendant/appellant, Anthony Dimattia.

**RULE TO SHOW CAUSE RECALLED; JUNE 8, 2020 JUDGMENT VACATED; JUNE 2, 2020 JUDGMENT REINSTATED; APPEAL DISMISSED; REMANDED.**