**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2021 CA 0382**

*PMc by JEW*

*JEW*

**JEREMY LOCKE**

**VERSUS**

**MADCON CORPORATION**

**Judgment Rendered:** **DEC 3 0 2021**

\* \* \* \* \* \*

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2020-11872

Honorable William H. Burris, Judge Presiding

\* \* \* \* \* \*

John A. Venezia
Julie O'Shesky
New Orleans, Louisiana

Counsel for Plaintiff/Appellee
Jeremy Locke

Jason P. Waguespack
Kathleen K. Charvet
Wendell F. Hall
New Orleans, Louisiana

Counsel for Defendant/Appellant
Madcon Corporation

\* \* \* \* \* \*

*MRT by JEW*

*Theriot, J. concurs*

**BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.**

**McCLENDON, J.**

In this suit for unpaid wages filed pursuant to LSA-R.S. 23:631, *et seq.*, the defendant, Madcon Corporation (Madcon), appeals from a trial court judgment awarding unpaid wages, penalty wages, and attorney's fees to the plaintiff, Jeremy Locke. Locke filed an answer to Madcon's appeal seeking an additional award of attorney's fees in accordance with LSA-R.S. 23:632(C). For the reasons that follow, we vacate the judgment, dismiss the appeal and the answer to appeal, and remand for further proceedings.

### FACTUAL AND PROCEDURAL HISTORY

Madcon is a marine and diving contractor that performs underwater inspection, repair, and maintenance work, as well as certain above-water marine work. Madcon employed Locke on a commercial diving project, which was completed in 2019. On April 24, 2020, Locke filed suit against Madcon seeking wages, penalty wages, attorney's fees, and summary proceedings, alleging that Madcon failed to pay him according to the terms of the parties' contract. On September 30, 2020, the trial court held a bench trial on the merits of Locke's claims. Subsequently, the trial court executed a written judgment on October 22, 2020 (original judgment), which stated, in pertinent part:

> The Court hereby renders **JUDGMENT** in favor of the plaintiff, Jeremy Locke and against the defendants, MADCON Corporation for wages in the amounts of $28,725.00 for wages [sic], $51,750.00 for penalty wages, and $20,000.00 for attorney's fees, with judicial interest on all amounts from date of filing until paid, along with all costs of these proceedings.

Based on the record, it does not appear that the clerk of court mailed notice of the October 22, 2020 judgment. Further, the trial court purportedly "vacated" the October 22, 2020 judgment; a hand-written note on the October 22, 2020 judgment reads "vacated Covington, LA November 18, 2020," and is followed by the trial court's signature. Subsequently, on December 2, 2020, the trial court executed a second written judgment (amended judgment) which stated, in pertinent part:

> The Court hereby renders judgment in favor of the plaintiff, Jeremy Locke and against the defendant, MADCON Corporation, for wages in the amount of $28,725.00 and judicial interest thereon from the date of filing until paid, penalty wages in the amount of $51,750.00, and attorney's fees in the amount of $20,000.00.

2

The Court further renders judgment in favor of plaintiff, Jeremy Locke, against defendant, MADCON Corporation, for all costs of these proceedings.

From this judgment, Madcon appeals.

## APPELLATE JURISDICTION

As a reviewing court, we are obligated to recognize any lack of jurisdiction if it exists. **Starnes v. Asplundh Tree Expert Company**, 1994-1647 (La.App. 1 Cir. 10/6/95), 670 So.2d 1242, 1245. Our appellate jurisdiction extends to "final judgments." See LSA-C.C.P. arts. 1841, 2081, and 2083(A); **Quality Environmental Processes, Inc. v. Energy Dev. Corp.**, 2016-0171, 2016-0172 (La.App. 1 Cir. 4/12/17), 218 So.3d 1045, 1053. On October 26, 2021, this Court, *ex proprio motu,* issued an order granting the parties leave to file optional supplemental briefs, only on the issue of whether or not the amended judgment on appeal is an appealable judgment. In response to the order, both parties filed briefs, each arguing that the amended judgment is valid and properly before this Court on appeal. However, having thoroughly reviewed the record, the jurisprudence, and the parties' arguments, we find that the trial court lacked authority to vacate the original October 22, 2020 judgment and execute the amended December 2, 2020 judgment in its stead. Thus, the December 2, 2020 judgment before us is an absolutely null judgment, and we lack jurisdiction to entertain the appeal of that judgment. See **Starnes**, 670 So.2d at 1246, and **Dobyns v. University of Louisiana System**, 2018-0488 (La.App. 1 Cir. 6/12/19) 2019 WL 2462496, *4-5.

It is well settled in our jurisprudence that a judgment which has been signed cannot be altered, amended, or revised by the trial judge who rendered it, except in the manner provided by law. **Denton v. State Farm Mut. Auto. Ins. Co.**, 2008-0483 (La. 12/12/08), 998 So.2d 48, 52. At the time the judgments at issue in this appeal were executed, Louisiana Code of Civil Procedure article 1951[1] provided, as follows, with regard to amendment of a judgment:

---

[1] Article 1951 was amended pursuant to Acts 2021, No. 259, §2, effective August 1, 2021. As amended, Article 1951 presently provides in full:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice

3

On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

In other words, a final judgment may be amended by the court where the resulting judgment takes nothing from or adds nothing to the original judgment. **Suprun v. Louisiana Farm Bureau Mut. Ins. Co.**, 2009-1555 (La.App. 1 Cir. 4/30/10), 40 So.3d 261, 268. However, an amendment to a final judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment, and is generally prohibited under Article 1951. **Duncan v. Gauthier**, 2021-0220 (La.App. 1 Cir. 10/28/21), --- So.3d ---, ---, 2021 WL 5625410, at *4. This is true even if the amendment merely expresses the trial court's actual intention; the trial court's written judgment is controlling, even if the trial court intended otherwise. **McGee v. Wilkinson**, 2003-1178 (La.App. 1 Cir. 4/2/04), 878 So.2d 552, 554.

In the event the trial court or a party seeks to alter the substance of a judgment, the proper recourse is a timely application for a new trial, LSA-C.C.P. art. 1971, *et seq.*, an action for nullity, LSA-C.C.P. art. 2001, *et seq.*, or a timely appeal. **McGee**, 878 So.2d 552, 554. The Louisiana Supreme Court in **Villaume v. Villaume**, 363 So.2d 448, 451 (La. 1978) has also recognized that the trial court may amend a judgment substantively on its own motion and with consent of the parties. Subsequently, the Louisiana Supreme Court expressed that an assertion of amendment of a final judgment by consent must be supported by competent evidence. **LaBove v. Theriot**, 597 So.2d 1007, 1010-11 (La. 1992).[2]

---

to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. A final judgment may not be amended under this Article to change its substance.

This Court will apply the version of Article 1951 that was in effect at the time of the pertinent events. See e.g., **Dean v. Dimattia**, 2021-0288, 2021-0289 (La.App. 1 Cir. 10/4/21), --- So.3d at ---, ---, 2021 WL 4535660, at *2-3.

[2] We make no comment as to whether the amendment to Article 1951, pursuant to Acts 2021, No. 259, §2, effective August 1, 2021, would affect this jurisprudential rule.

When a trial court substantively amends a judgment without recourse to the proper procedure, the amended judgment is an absolute nullity. When this court notices such an absolute nullity, we must vacate on our own motion. **Mack v. Wiley**, 2007-2344 (La.App. 1 Cir. 5/2/08), 991 So.2d 479, 485-86, writ denied, 2008-1181 (La. 9/19/08), 992 So.2d 932. Thus, when a judgment has been improperly amended, the amending judgment is annulled and set aside, and the original judgment is reinstated. **Greene v. Succession of Alvarado**, 2015-1960 (La.App. 1 Cir. 12/27/16), 210 So.3d 321, 339.

A change in a judgment which alters the amount of relief that a party is entitled to receive is a substantive change. **Preston Oil Co. v. Transcon. Gas Pipe Line Corp.**, 594 So.2d 908, 911 (La.App. 1 Cir. 1991). Consistent therewith, a change in the assessment of judicial interest constitutes a substantive change. **Suprun**, 40 So.3d at 269. Additionally, Article 1951, which generally governs the amendment of a final judgment, has been utilized in instances where the trial court vacates a judgment and renders a new judgment. See **McMillian v. Breen**, 2018-0998 (La.App. 1 Cir. 8/2/19), 282 So.3d 239, 246, citing **Bourgeois v. Kost**, 2002-2785 (La. 5/20/03), 846 So.2d 692, 695-96.

As set forth above, the original October 22, 2020 judgment ordered Madcon to pay judicial interest on all amounts awarded therein. After the trial court purportedly vacated the original judgment, the trial court executed an amended December 2, 2020 written judgment which awarded "wages in the amount of $28,725.00 and judicial interest thereon from the date of filing until paid, penalty wages in the amount of $51,750.00, and attorney's fees in the amount of $20,000.00." The trial court's amendment removing the award of legal interest from the awards for penalty wages and attorney's fees decreased the amount of legal interest that Locke was entitled to recover from Madcon. Thus, the December 2, 2020 amendment altering the amount of judicial interest that Locke is entitled to receive constituted a substantive change.

In this matter, it is unclear from the record how the amended December 2, 2020 judgment came to be signed by the trial court. The record does not contain a motion for new trial, a motion for nullity, or any evidence that the amended judgment was

5

signed with the consent of the parties, such as the signatures of the parties' respective counsel being included on the December 2, 2020 judgment. In the absence of competent evidence establishing otherwise, it appears that the substantive amendment was not made in accordance with proper procedure, and therefore the amended December 2, 2020 judgment is an absolute nullity. See **LaBove v. Theriot**, 597 So.2d at 1011.

This Court very recently considered a similar situation in **Dean**, --- So.3d ----, 2021 WL 4535660. In **Dean**, the trial court executed a judgment on June 2, 2020, ordering the eviction of one party, and then amended that judgment on its own motion on June 8, 2020 to order the eviction of another party. Because changing the name of a party cast in judgment constitutes a substantive change, this Court was required to consider whether the June 8, 2020 judgment was properly before it for review. **Dean**, --- So.3d at ---, 2021 WL 4535660, at *2. In appellate briefs, the parties argued that the June 8, 2020 judgment was executed to correct a typographical error in the June 2, 2020 judgment that mistakenly named the wrong party to be evicted. However, the record did not contain a motion for new trial, a motion for nullity, or any evidence that the second judgment was signed with the consent of the parties, such as the signatures of the parties' respective counsel being included on the June 8, 2020 judgment. This Court reasoned:

> Although it may be clear to the parties and to this court that the district court was attempting to correct its own error in the June 2, 2020 judgment, "[a] judgment which has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law." **Bourgeois**, 846 So.2d at 696. The district court signed the June 8, 2020 judgment in violation of the prohibition contained in Article 1951.

**Dean**, --- So.3d at ---, 2021 WL 4535660, at *3. Thus, this Court found the June 8, 2020 judgment to be null and void, vacated the June 8, 2020 judgment, and reinstated the June 2, 2020 judgment.[3]

---

[3] See also **LaBove**, 597 So.2d 1007. In **LaBove**, the parties urged that the amended judgment was issued by consent of all parties, and therefore was valid notwithstanding that it did not fall within the provisions of LSA-C.C.P. art. 1951. The Louisiana Supreme Court wrote, "The difficulty with this entire argument is that it depends on facts not appearing in the record." **LaBove**, 597 So.2d at 1010. Because there was no competent evidence of record demonstrating how the amendment came about, the Supreme Court concluded, "On this showing, we can only conclude that the amended judgment is

6

Here, as in **Dean**, the parties have argued that the appeal should be maintained.[4] Critically, however, the record contains no evidence regarding the manner in which the December 2, 2020 amended judgment came to be signed. The Code of Civil Procedure provides only a limited means of correcting errors of substance in a final judgment. **Denton**, 998 So.2d at 53. In the absence of any indication that the trial court adhered to proper procedures when it vacated the original judgment and executed the amended judgment, we are constrained to find that the December 2, 2020 amended judgment is null and void. See also **Duncan**, --- So.3d ---, 2021 WL 5625410.

The motion for appeal sought to appeal the December 2, 2020 judgment, and this Court noticed the appeal of the December 2, 2020 judgment. No appeal has been taken from or noticed regarding the October 22, 2020 judgment. Because Madcon devolutively appealed the absolutely null December 2, 2020 judgment, we lack jurisdiction to consider the merits of this appeal. See **Starnes**, 670 So.2d at 1246, and **Dobyns**, 2019 WL 2462496, *4-5. Accordingly, we dismiss the appeal. This matter is remanded for further proceedings, with instructions to the clerk of court to issue notice of judgment of the October 22, 2020 judgment.

Having dismissed the appeal, we likewise deny Locke's answer to Madcon's appeal.

### CONCLUSION

For the reasons expressed above, we vacate the December 2, 2020 judgment, and reinstate the October 22, 2020 judgment. The appeal is dismissed, the answer to the appeal is dismissed, and this matter is remanded to the trial court for proceedings consistent with the opinions expressed herein, including the issuance of notice of

---

without legal effect, and that the original judgment... remains valid." **LaBove**, 597 So.2d at 1011. Compare to **Radcliffe 10 L.L.C. v. Zip Tube Sys. of Louisiana, Inc.**, 2009-0417, 2009-0418 (La.App. 1 Cir. 12/29/09), 30 So.3d 825, writ denied, 2010-0244 (La. 4/9/10), 31 So.3d 394, which we find to be distinguishable.

[4] Madcon also claimed that the original judgment does not include a filing date, a signature of the clerk, or any stamp denoting it was filed. However, the original judgment in the record before us contains the seal of the clerk of court, followed by text that reads: "Submitted Date: 10/9/2020 11:25 AM File Date: 10/9/2020 11:25 AM Case Number 202011872 St. Tammany Parish, LA Deputy Clerk: Courtney Hebert." This seal and stamp is located on the right side of the page and is consistent with other pleadings filed in the record, including the petition.

7

judgment of the October 22, 2020 judgment. Costs of this appeal are assessed equally between Jeremy Locke and Madcon Corporation.

**DECEMBER 2, 2020 JUDGMENT VACATED; OCTOBER 22, 2020 JUDGMENT REINSTATED; APPEAL DISMISSED; ANSWER TO THE APPEAL DISMISSED; REMANDED.**