# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-494


**STATE OF LOUISIANA, THROUGH ITS**
**DEPARTMENT OF TRANSPORTATION**
**AND DEVELOPMENT**

**VERSUS**

**RUVIM KIMAKOVKIY, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 89693
HONORABLE ANTHONY JUDE SALEME, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Charles G. Fitzgerald, and Gary J. Ortego, Judges.


**AFFIRMED.**

**William Henry Cooper III**
**Attorney at Law**
**1201 Capitol Access Road**
**Baton Rouge, LA 70802**
**(225) 242-4664**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**State of Louisiana, Dept. of Transportation and Develop.**

**James L. Maughan**
**State of Louisiana, Dept. of Transportation and Develop.**
**1201 Capitol Access Rd.**
**P.O. Box 94245**
**Baton Rouge, LA 70804-9245**
**(225) 242-4611**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**State of Louisiana, Dept. of Transportation and Develop.**

**Jeanne P. Henderson**
**Craig Gremillion and Associates**
**2600 CitiPlace Drive, Suite 550**
**Baton Rouge, LA 70808**
**(225) 231-9460**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**State Farm Mutual Automobile Insurance Company**

**John J. Rabalais**
**Chad N. Evans**
**Joseph M. Mouton, II**
**Rabalais Unland**
**70779 S. Ochsner Blvd.**
**Covington, LA 70433**
**(985) 893-9900**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Hudson Insurance Company**
**Montgomery Transport, LLC**
**James D. Gilbert**

**Douglas K. Williams**
**Christopher A. Mason**
**Alexa Candelora**
**Breazeale, Sachse & Wilson, L.L.P.**
**One American Place, Suite 2300**
**301 Main Street**
**P.O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Great West Casualty Company**
**Chemical South Transport, Inc.**

**Ian Alexander Macdonald**
**Jones Walker**
**600 Jefferson St, #1600**
**Lafayette, LA 70501**
**(337) 593-7600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**United Financial Casualty Company**

**James Michael Dill**
**The Dill Firm, APLC**
**825 Lafayette Street**
**Lafayette, LA 70502**
**(337) 261-1408**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Old Republic Insurance Company**
**Schneider National, Inc.**
**Eric A. Sundvall**

**Sean McAllister**
**Katy Kennedy**
**Loeb Law Firm**
**1180 W. Causeway Approach**
**Mandeville, LA 70471**
**(985) 778-0220**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Ruvim Kimakovkiy**
**Euphoria Transport, LLC**
**Great West Casualty Company**

**Raven A. Fielding**
**Duplass APLC**
**3838 N. Causeway Blvd, Ste 2900**
**Metairie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**William Manis**

**T. Braden Riley**
**Cozen O'Connor**
**1221 McKinney, Ste. 2900**
**Houston, TX 77009**
**(832) 214-3900**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Axis Surplus Insurance Company**

**SAVOIE, Judge.**

Plaintiff State of Louisiana, through the Department of Transportation and Development (DOTD), appeals a judgment denying its motion to amend a voluntary judgment of dismissal without prejudice. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 2020, DOTD filed suit against twenty-four Defendants for the recovery of damages it alleges were caused to Interstate-10 by a multi-vehicle accident and fire that occurred on August 26, 2019.

On April 19, 2021, DOTD filed a Motion and Order for Judgment of Dismissal, "request[ing] that this suit be dismissed." On April 21, 2021, the trial court signed the judgment that DOTD presented with its motion, and, accordingly, the suit was dismissed without prejudice.

On May 24, 2021, DOTD, along with Defendants Schneider National Inc., Old Republic Insurance Co., and Eric A. Sundvall, filed an Ex-Parte Joint Motion to Amend and Correct Judgment of Dismissal Without Prejudice. The ex-parte motion suggests that DOTD's April 21, 2021 motion and judgment inadvertently did not list by name the defendants DOTD intended to dismiss pursuant to an agreement—namely, Sundvall, Schneider National, and Old Republic—and sought to amend the judgment to reflect that DOTD's claims against only those three Defendants were dismissed without prejudice. The ex-parte motion further states that the moving parties agreed to the amendment.

The trial court denied the ex-parte motion, but it set the matter for hearing. The motion to amend was opposed by Defendants who were not parties to the

motion. Following a June 15, 2021 hearing, the trial court indicated that it lacked jurisdiction to amend the April 21, 2021 judgment, and it denied the motion.

DOTD then filed motions to appeal both the underlying judgment of dismissal and the judgment denying its motion to amend. In its appellant brief, DOTD asserts the following as its sole assignment of error: "The Trial Court Erred by Finding It Did Not Have Subject Matter Jurisdiction to Amend the April 21, 2021[] Consent Judgment Under La[. Code Civ.P. arts.] 1951 and 2088."

## STANDARD OF REVIEW

The question of whether DOTD's motion to amend was properly denied presents a question of law that is reviewed de novo on appeal. *Freeman v. Zara's Food Store, Inc.*, 16-445 (La.App. 4 Cir. 11/2/16), 204 So.3d 691.

## ANALYSIS

We first note that while DOTD appealed both the underlying judgment of dismissal and the denial of its motion to amend, it has briefed only issues pertaining to the trial court's denial of its motion to amend; therefore, DOTD's appeal of the judgment of dismissal is deemed abandoned.[1] Uniform Rules–Courts of Appeal Rule 2–12.4.

With respect to the trial court's denial of DOTD's motion to amend, DOTD argues on appeal that the judgment of dismissal was a "consent judgment" and that the judgment failed to contain proper decretal language because it did not identify the three Defendants whom DOTD intended to dismiss. Therefore, according to DOTD, the trial court retained jurisdiction under La.Code Civ.P. art. 1951 and/or La.Code Civ.P. art. 2088 to amend the judgment of dismissal to a partial judgment

---

[1] We further note that because DOTD moved to voluntarily dismiss its action, it cannot appeal the judgment of dismissal that it prayed for and presented to the trial court for signature. La.Code Civ.P. art. 2085; Frank L. Maraist, 1 LA. CIVIL LAW TREATISE § 10:3 (2d ed. 2018).

of dismissal that dismissed DOTD's claims against only three Defendants. DOTD further suggests that the trial court had jurisdiction to substantively amend the "consent judgment" because the parties to the agreement consented to the amendment.

In response, Appellees argue that the judgment of dismissal was not a "consent judgment," as it was not styled as such, it was not signed by any Defendants, and it did not otherwise make reference to any agreement. Appellees further note that there is no compromise agreement in the record. In addition, Appellees argue that the trial court had no authority to substantively amend the final judgment of dismissal because the judgment contains proper decretal language, DOTD did not file a motion for new trial, and not all Defendants consented to the amendment.

Louisiana Code of Civil Procedure Article 1951 states as follows with respect to amending final judgments (emphasis added):

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. **A final judgment may not be amended under this Article to change its substance**.

As stated by the Louisiana Supreme Court in *Bourgeois v. Kost*, 02-2785, pp. 5-8 (La. 5/20/03), 846 So.2d 692, 695-96:

> [Louisiana Code of Civil Procedure] Article 1951 contemplates the correction of a "clerical error" in a final judgment, but does not authorize substantive amendments. Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. *Villaume v. Villaume*, 363 So.2d 448 (La.1978). The proper recourse for an error of substance within a judgment is a timely application for new trial or a timely

3

appeal. *LaBove v. Theriot*, 597 So.2d 1007, 1010 (La.1992); *Hebert v. Hebert*, 351 So.2d 1199 (La.1977).

. . . .

It is well settled under our jurisprudence that a judgment which has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law. The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error. *State ex rel. Vignes v. Judge Civil District Court*, 10 So. 294, 43 La.Ann. 1169 (La.1891); *Villaume*, 363 So.2d at 450-51. Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in Code of Civil Procedure Article 1951. As stated above, Article 1951 limits the amendment of judgments to the correction of errors in calculation and alteration of phraseology, but does not authorize a trial court to make substantive amendments to final judgments. Courts have uniformly held substantive amendments to judgments made without recourse to the proper procedures, i.e. by way of a timely motion for a new trial or by appeal, to be absolute nullities. *LaBove,* 597 So.2d at 1010.

Here, DOTD suggests that it is attempting to have the judgment of dismissal amended to include proper decretal language; however, DOTD is actually attempting to obtain, via a motion to amend, relief that is substantively different than what it initially sought and obtained. Specifically, DOTD unequivocally moved to have its entire lawsuit dismissed, and the trial court granted the relief requested. Then, over a month later, DOTD asked the trial court to "amend" the judgment of dismissal to a partial dismissal of only three Defendants, when it never sought a partial dismissal from the trial court. Neither La.Code Civ.P. art. 1951 nor La.Code Civ.P. art. 2088 provided the trial court with authority to amend the judgment to render relief that was substantively different than what DOTD actually sought in connection with its motion to dismiss.

DOTD also suggests that the trial court had authority to amend the judgment of dismissal because it was a "consent judgment" between it and three Defendants

4

and because all parties to the agreement agreed to amend the judgment. However, "a consent judgment is a bilateral contract wherein parties adjust their differences by mutual consent." *Plaquemines Parish Gov't v. Getty Oil Co.*, 95-2452, p. 6 (La. 5/21/96), 673 So.2d 1002, 1006. Here, the motion and judgment of dismissal is not a bilateral agreement and does not otherwise reference any such agreement. Rather, it was a unilateral motion presented by DOTD to voluntarily dismiss its entire lawsuit without prejudice, and the trial court rendered a judgment in accordance therewith. Therefore, the consent of DOTD and only three of the twenty-four Defendants to amend the judgment of dismissal did not give the trial court authority to amend the judgment under La.Code Civ.P. art. 1951 or otherwise.

While the purported error on the part of DOTD in moving to dismiss its entire action and its apparent failure to notice this error for over a month after the judgment it sought was signed by the trial court are unfortunate, DOTD's motion seeking to substantively amend the judgment of dismissal was not a proper procedural mechanism by which to cure its mistake. We find no error in the trial court's denial of DOTD's motion.

## DECREE

For the reasons set forth above, the trial court's denial of DOTD's motion to amend the April 21, 2021 judgment is hereby affirmed. Costs of this appeal in the amount of $2,323.00 are assessed to Appellant, State of Louisiana, through the Department of Transportation and Development.

**AFFIRMED.**

5